KELLY v. SPROUL.

1. LIMITATION OF ACTIONS—ACCRUAL—PRINCIPAL AND SURETY—
   CONTRIBUTION.
     A surety is not protected against contribution by the failure of
     his co-surety to make payment until after the statute of lim-
     itations has run against their joint obligation, which obliga-
     tion has been kept alive as against him by a valid judgment
     in favor of the obligee; since the right of action for contri.
     bution does not accrue until after payment has been made.

2. SAME—STATUTES—APPLICATION.
     Sections 9734, 9742, 3 Comp. Laws, limiting the time within
     which actions may be brought in certain cases, have no ap-
     plication to an action for contribution between sureties.

Error to Kent; Perkins, J.   Submitted June 15, 1908.
(Docket No. 97.)   Decided July 13, 1908.

Assumpsit by Timothy Kelly, administrator of the es-
tate of Patrick Kelly, deceased, against Robert Sproul
for money paid.   There was judgment for plaintiff, and
defendant brings error.   Affirmed.

*Carroll & Nichols*, for appellant.

*Doyle & McKenna*, for appellee.

HOOKER, J.   The finding of facts in this case shows
that in 1893, Anna A. Grady was complainant, and Frank
T. Warrell defendant, in summary proceedings then
pending in the circuit court for Kent county.   Being de-
feated, complainant Grady removed the cause to this court,
filing the statutory bond required in such cases, dated
November 18, 1893.   Patrick Kelly and the defendant in
this action were her sureties upon the bond.   The judg-
ment was affirmed (*Grady* v. *Warrell*, 105 Mich. 310)
and a judgment for costs against Grady was entered in

this court on May 21, 1895, and a few days later costs were taxed, which she never paid.

On September 30, 1903, Patrick Kelly died and during that year Timothy Kelly was appointed administrator of his estate. A claim was filed in probate court by J. Tome Preston, Warrell's assignee, on March 17, 1904, against the estate of Kelly, for $196.57, based on the appeal bond aforesaid dated November 18, 1893, and the judgment of the Supreme Court rendered May 21, 1895.

On June 21, 1904, it was allowed at the sum of $180.93 as a valid claim against the estate of Kelly, and on January 7, 1907, Timothy Kelly, administrator, compromised the claim, paying on behalf of the estate $175. On January 17th he brought this action for contribution against Sproul, Kelly's co-surety on the bond, before a justice of the peace, declaring on the common counts. The defendant pleaded the general issue accompanied by notice that the cause of action had not accrued within 10 years from the time when the action was commenced. Afterwards by amendment he claimed the benefit of the six-year statute of limitations. The defendant appealed to the circuit court, where, on a trial before the court, plaintiff recovered a judgment on findings for $87.50.

The record shows that the allowance of the claim against the estate of Patrick Kelly was 9 years and 1 month after the rendition of the judgment by the Supreme Court, and payment was made 11 years, 7 months and 16 days after filing of the remittitur in the circuit court. This case was begun 10 days later. The defendant has brought the case here on writ of error.

It presents the question whether a surety is protected against contribution by the failure of his co-surety to make payment until after the statute has run against their joint obligation, which obligation has been kept alive, as against him, by a valid judgment in favor of the obligee. The authorities are believed to be nearly unanimous in sustaining the right of action in such a case upon the theory that the right of action for contribution does not

accrue until payment is made. In addition to cases cited by counsel, a discussion of the question will be found in 1 Brandt on Suretyship and Guaranty (3d Ed.), §§ 320, 321; 7 Am. & Eng. Enc. Law (2d Ed.), pp. 340, 341, and notes.

Counsel for the appellant cite certain Michigan statutes, claiming that they have changed the rule for this State. 3 Comp. Laws, §§ 9734, 9742. We are of the opinion that they have no application to such a case as this.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, MOORE, and McALVAY, JJ., concurred.