The **BOARD OF COUNTY ROAD COMMISSIONERS OF the COUNTY OF WAYNE, MICHIGAN**, a public body corporate; and Underwriters at Lloyd's, London, England, subscribing to Policy Nos. Wl 2243 and NM 430732 represented herein by Richard Keeler Avenall, Plaintiffs and Cross-Defendants,

v.

**AMERICAN AIRLINES, INC.**, a foreign corporation, Intervening and Cross-Plaintiffs,

v.

**HOST INTERNATIONAL, INC.**, a Delaware corporation, Defendant and Third-Party Plaintiff,

v.

**LORNE COMPANY, INC.**, Third-Party Defendant.

No. 35545.

United States District Court,
E. D. Michigan, S. D.

Jan. 17, 1974.

Charles M. Sirhal, Detroit, Mich., for Board of Commissioners.

Charles R. Tuffley, Southfield, Mich., for Lloyd's.

William Bridenstine, Detroit, Mich., for American Airlines.

Jonathan E. Martin, Detroit, Mich., for Host International.

Joseph J. Ryan, Jr., Detroit, Mich., for Lorne Co.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This action was originally filed in October, 1970 by the Board of County Road Commissioners of the County of Wayne (hereinafter referred to as the "Road Commission") and Lloyd's of London. The plaintiff Road Commission operates Detroit Metropolitan Airport. Named as a defendant was Host International, a Delaware corporation (hereinafter "Host"). Host operates the food, liquor and airline catering concessions at the airport, including the operation of a restaurant, snack bar and cocktail lounge in the terminal building. The suit arises from a fire which allegedly ignited on the grill in the restaurant and spread through the grill's exhaust duct, damaging the building and its contents. The plaintiffs claim the fire resulted from the negligence of Host's employees.

Host filed an answer denying negligence and a counter claim against the plaintiffs. Employers Mutual Fire Insurance Company filed a motion to intervene in the counter claim, which was granted.

In November, 1971 defendant Host filed a Motion to Bring in Third Party Defendant, Fred Schmidt Associates. The claim against Fred Schmidt was that it was the designer of the duct plan for the restaurant and that such design was negligently created. Third party plaintiff Host sought indemnity from Schmidt, or, alternatively, contribution. The motion was granted.

In December, 1971 American Airlines filed a motion to intervene as plaintiff, and to intervene as a cross plaintiff. American Airlines was permitted to file an intervening complaint against Host and a cross complaint against the plaintiff for damage to its facilities.

In March, 1972 Host was given leave to file a third party action against Lorne Company, Inc. (hereinafter referred to as "Lorne Company"), the installers of the duct work at the restaurant. Host alleged that Lorne Company's work in installing the duct work was negligently done. Host asked for indemnity, or, alternatively, contribution.

In December, 1971 Schmidt filed a motion for summary judgment. The motion was granted.

The chronological summary of the procedural posture of this lawsuit ends with the filing of third party defendant Lorne Company's motion for summary judgment against Host's alternative claims for indemnity or contribution.

## CONTRIBUTION

■ It is well recognized that a cause of action sounding in contribution has two primary requisites: (1) a situation where the parties are under some common obligation or burden; and (2) compulsory payment or other discharge, by the party seeking contribution, of more than his fair share of the common obligation or burden. See generally 18 Am.Jur.2d, Contribution, §§ 7–9. Lorimer v. Julius Knack Coal Co., 246 Mich. 214, 224 N.W. 362 (1929), makes clear that Michigan law is in accord with this general rule.

Lorne Company contends there can be no contribution cause of action because, in its view of the record, there are no facts from which one could say there had ever existed any common obligation, burden or liability. If that is a correct conclusion, and one supported by uncontroverted facts, then summary judgment would be appropriate. Lorne Company has called the court's attention to the depositions filed in the case. Host has not contested the accuracy or validity of that testimony, nor has it called the court's attention to any additional or conflicting testimony.

In 1958, construction of new terminal facilities was undertaken at the Detroit Metropolitan Airport. Included in that construction was the L. C. Smith Building, which housed the Host-operated restaurant where the fire began.

The Road Commission entered into a contract with the O. W. Burke Company, who was the general contractor. Burke sub-contracted all the mechanical work to Lorne Company. This included, among others, the plumbing, heating, air conditioning, temperature control and refrigeration systems. Lorne Company by its contract with Burke was responsible for installing the duct system serving the grill where the fire originated, although it may have been physically installed by one of Lorne's sub-contractors, the Dogendorf Sheet Metal Company.

Construction of the duct work in question was completed by November, 1958. The work was accepted at that time, and Lorne Company tendered a guarantee against defects in workmanship or materials. The guarantee was effective for one year, beginning November 1, 1958.

Unfortunately, grease began to accumulate in the duct work. The Road Commission knew of this condition no later than June 29, 1960, as evidenced by a letter sent by an airport attorney, on Road Commission stationery, to A. McCabe, a manager at Host. The substance of the letter concerned who had the responsibility for keeping the system free of grease, Host or the Road Commission.

The Road Commission and Host worked, with varying degrees of diligence, for the next eight years (1960–68) to somehow solve the problem. The fire in December, 1968, the subject of this suit, is alleged to have resulted from the grease accumulation.

As can be seen, the Road Commission might have, prior to the date of the fire, begun a legal action against Lorne Company. There were two possible theories: (1) breach of contract, and (2) breach of any implied warranties. The court is not suggesting the Road Commission should have proceeded against Lorne Company, nor is the court intimating the Road Commission would have prevailed on either theory. It is merely examining potential avenues of liability which may have been open to the Road Commission.

The first possible theory which would have been open to the Road Commission was breach of contract. The statute of limitations would begin to run on the cause of action for breach of contract at the time the work was accepted in November, 1958. The claim would have been barred six years later, M.C.L.A. § 600.5807, in November, 1964.

The cause of action for breach of any implied warranty would have accrued no later than June 29, 1960, the date the Road Commission had notice of the de-

fect. M.C.L.A. § 600.5833. It appears that the same six-year statute of limitations (M.C.L.A. § 600.5807) would apply, Weeks v. Slavik Builders, Inc., 24 Mich.App. 621, 180 N.W.2d 503 (1970); affirmed at 384 Mich. 257, 181 N.W.2d 271 (1970). Consequently, action on this theory would have been barred sometime in the first half of 1966.

As should be readily apparent, Lorne Company's potential obligation or burden existed from the time the work was accepted until early or mid-1966. Lorne Company's position is that during this period of time, no cause of action had accrued between the Road Commission and Host. The fire, the basis for Host's action, did not occur until December, 1968. Thus, there could never have existed a common burden between Lorne Company and Host.

At this point, it is appropriate to distinguish the instant problem from the more common statute of limitations problems which arise between defendants and contribution defendants.

This is not the kind of case where at the same point in time the plaintiff could bring suit against two different defendants, but instead has waited until an action against one of the defendants is barred by the statute of limitations. In that situation, a suit against the contribution defendant, by the primary defendant, is not barred by the statute of limitations, even though the plaintiff himself could not press an action against the contribution defendant. Kelley v. Sproul, 153 Mich. 691, 117 N.W. 327 (1908); Duncan v. Beres, 15 Mich.App. 318, 166 N.W.2d 678 (1968).

It is that kind of reasoning which Host has urged the court to adopt in the present case, and which would be contrary to the traditional rules of contribution. This is not the typical statute of limitations problem found in *Kelley* and *Duncan, supra*. Rather, this is a case where, as far as the record shows, there was never any simultaneous potential liability from Lorne to the Road Commission, and from Host to the Road Commission. For Host's potential liability to the Road Commission did not arise until the fire occurred in December, 1968. That is approximately two and one half years after Lorne's potential liability had expired by virtue of the statute of limitations.

The record reveals that the Road Commission has been owed a potential liability by two entities, first Lorne Company and then Host. But the two potential liabilities never existed simultaneously. One expired before the other arose. They were never common. That being so, no contribution cause of action may be maintained between Host and Lorne Company. Lorimer v. Julius Knack Coal Co., *supra*.

Statutes of limitation are aimed at putting controversies to rest. Any possible controversy between Lorne and the Road Commission was put to rest, at the latest in 1966. The requirement of a common obligation to the Road Commission is at least in part to permit certain claims to remain at rest.

### INDEMNITY

A third party is liable to indemnify a defendant for his liability to the plaintiff on either of two theories. He is liable if he has agreed to make the defendant whole, or he is liable by the action of law if his act is the act for which the defendant is held liable to the plaintiff.

Lorne is not alleged to have contracted with Host to indemnify it for liability to the Road Commission and there is no evidence in the record to sustain such a theory. Host is not alleged by the Road Commission to be liable to it for any act of Lorne. Host's liability is based on the primary act of Host in acting negligently in various ways relative to the operation of its deep fry unit and grill. In no way is Host charged with negligence for any act of Lorne's. The theory of indemnity is not and cannot be a basis of this lawsuit.

### CONCLUSION

A motion for summary judgment is based on the record most favorable to

the party resisting the motion, but when the record is without contradiction or leads to but one conclusion, summary judgment is proper.

Contribution is not a valid theory on which to base a cause of action because at no time did Host and Lorne have a joint or common burden, obligation or liability, a prerequisite to the showing of a cause of action for contribution.

Indemnity is not a valid theory on which to base a claim because Lorne did not contract or agree to indemnify Host, and Host's liability to the Road Commission is not based on any acts of Lorne.

Lorne Company's motion to dismiss Host's cause of action is granted. Defendant Host's third party complaint against Lorne is dismissed.

So ordered.