YOUNT v. NATIONAL BANK OF JACKSON.

1. CONFLICT OF LAWS—RIGHT OF ACTION—REMEDY—CONTROLLING LAW.

Matters relating to the right of action are governed by the laws of the State where the cause of action arose and all matters relating purely to the remedy are governed by the laws of the State where the action is instituted.

2. ABATEMENT AND REVIVAL—COMMON LAW—TORTS.

Actions *ex delicto* do not survive the death of the tortfeasor at common law.

3. SAME—STATUTES—TORT ACTION.

Provision of Alabama statute that tort "action shall not abate by the death of the defendant," as construed by Alabama supreme court, relates to actions pending at time of defendant's death and not causes of action (Alabama Code 1940, § 5712).

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur, Conflict of Laws, §§ 14, 182, 186.
[2, 8] 1 Am Jur, Abatement and Revival, § 84.
[3, 7] 1 Am Jur, Abatement and Revival, § 68.
[4, 5] 50 Am Jur, Statutes, § 402.
[6] 1 Am Jur, Actions, § 11.

4. STATUTES—CONSTRUCTION—COMMON LAW.
>   Statutes in derogation of the common law are to be strictly construed.

5. ACTION—COMMON LAW—STATUTES.
>   One seeking to maintain an action within the prohibition of the common law must be able to point to a statute which in plain and explicit terms authorizes the action to be maintained.

6. SAME—STATUTES.
>   One suing on a statutory right of action must present a case clearly within the statute creating the right.

7. SAME—STATUTES—ALABAMA—DEATH OF TORTFEASOR.
>   Alabama statute providing that tort "action shall not abate by the death of defendant" did not afford a right of action by Michigan administrator of estate of person fatally injured in an Alabama accident while in car driven by defendant Michigan executor's decedent who was killed‘ instantly (Alabama Code 1940, § 5712).

8. CONFLICT OF LAWS—CREATION OF RIGHT OF ACTION.
>   No action can be brought on account of an event occurring in a State not giving a right of action therefor even though State wherein recovery is sought would create a cause of action therefor either by the common law or by a statute.

Appeal from Jackson; Simpson (John), J.   Submitted January 5, 1950.   (Docket No. 59, Calendar No. 44,597.)   Decided April 3, 1950.

Case by Charles A. Yount, administrator of the estate of Phyllis Yount, deceased, against National Bank of Jackson, executor of the estate of Zimri J. Davis, deceased, for injuries sustained by his decedent, and eventually resulting fatally, in accident in which defendant's decedent was killed instantly. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Phillip C. Kelly,* for plaintiff.

*John S. Denton* and *Kleinstiver & Anderson,* for defendant.

SHARPE, J. Plaintiff, as administrator of the estate of Phyllis Yount, deceased, brought an action against defendant, executor of the estate of Zimri J. Davis, deceased, for damages for the death of plaintiff's decedent as provided by the laws of the State of Alabama.

The facts are not in dispute. Zimri J. Davis and wife, together with Phyllis Yount, were driving from Michigan to Florida. On November 16, 1948, while the parties were in Alabama and while Mr. Davis was driving the car, they were involved in an automobile accident. Mr. Davis was killed in the accident. Phyllis Yount, who was also injured, survived him a few hours and Mrs. Davis died a day or two later. An administrator was appointed for the estate of Phyllis Yount in the probate court of Jackson county, Michigan, and an executor for the estate of Mr. Davis was also appointed by the probate court of Jackson county, Michigan. All 3 of the deceased parties were residents of Jackson county at the time of the fatal accident.

The action was brought under section 123 of title 7 of the Code of Alabama (1940), which provides as follows:

"A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the

defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within 2 years from and after the death of the testator or intestate."

Following the filing of the declaration, defendant filed a motion to dismiss the declaration because it fails to state a cause of action, giving as reasons therefor the following:

"1. That the statutes, code and laws of the State of Alabama, wherein the accident occurred, do not give an original right or cause of action for negligence or alleged wrongful death against the estate or personal representatives of a deceased alleged tortfeasor or wrongdoer, and the plaintiff has no enforceable claim for or on account of the death of his decedent against the estate of said deceased or his personal representative. That the plaintiff's declaration alleges the death of both plaintiff's decedent and defendant's testator, prior to the commencement of suit.

"2. That the alleged cause or right of action set forth in plaintiff's declaration did not and does not survive the death of Zimri J. Davis, deceased, under the statutes, code, and laws of the State of Alabama.

"3. That no original right or cause of action is given by, or arises or exists under, the statutes, code or laws of the State of Alabama in favor of the said plaintiff, against the estate of Zimri J. Davis, deceased, nor against his personal representatives nor against the defendant executor of his estate."

The trial court granted the motion to dismiss. Plaintiff appeals and urges that an action for wrongful death, occurring in the State of Alabama, may be maintained in Michigan against the estate of the person causing death when both parties were resi-

dents of and domiciled in Michigan at the time of the fatal accident and both estates are being administered in Michigan.

In deciding this case we have in mind that the alleged tortfeasor predeceased plaintiff's decedent and that no court action has been instituted in Alabama. It is the general rule that matters relating to the right of action are governed by the laws of the State where the cause of action arose and all matters relating purely to the remedy are governed by the laws of the State where the action is instituted. See *Edison* v. *Keene,* 262 Mich 611; *Perkins* v. *Great Central Transport Corp.,* 262 Mich 616; *Eskovitz* v. *Berger,* 276 Mich 536; *Bostrom* v. *Jennings,* 326 Mich 146. It follows that an examination of the laws and decisions of Alabama is necessary in view of the fact that the declaration filed in this cause is based upon the Alabama statutes.

Section 3 of title 1 of the Code of Alabama (1940) adopts the common law of England, so far as it is not inconsistent with the laws and institutions of that State. Citation of authority is unnecessary to support the rule that at common law actions *ex delicto* do not survive the death of the tortfeasor.

The statute in question (Code [1940] title 7, § 123) speaks in terms of "an action" and not a cause of action. It provides, "Such action shall not abate by the death of the defendant."

In *Ex parte Corder,* 222 Ala 694 (134 So 130), the supreme court of Alabama said:

"We observe that section 5712, Code,* provides for the survival of all actions on contract and all personal actions, except for injuries to the reputation. We note that this has been held to relate to actions and not causes of action. *Wynn* v. *Tallapoosa County Bank,* 168 Ala 469, 490 (53 So 228)."

* Code of Alabama (1923).

In *Webb* v. *French,* 228 Ala 43 (152 So 215), the court there stated:

"The original counts were filed under the homicide statute. As to these it seems to be conceded that, while this statute (Code, § 5712)* provides the *action* shall not abate by the death of a party, and may be revived in favor of and against the personal representative, this is a remedial provision touching pending suits, and *does not keep alive a right of action against his estate, so that suit may be brought in the first instance against an executor or administrator of the estate of the tort-feasor.* (Some of italics supplied.) *Wynn* v. *Tallapoosa County Bank,* 168 Ala 469 (53 So 228); *Ex parte Corder,* 222 Ala 694 (134 So 130); *Stoer* v. *Ocklawaha River Farms Co.,* 223 Ala 690 (138 So 270); 1 CJ, p 176; *Ex parte Liddon,* 225 Ala 683 (145 So 144). * * *

"All death actions are statutory. At common law no such action was known. It never came into being, and no question of survival could arise. (Citing Alabama cases.) * * *

"One estate suing another for tort committed by one decedent against the other in their lifetimes is an anomaly in our law. *No such intent is to be given a statute unless declared in plain and unambiguous terms.* * * *

"*At common law .the torts committed by a man went to the grave with him.*" (Italics supplied.)

See, also, *Bruce* v. *Collier,* 221 Ala 22 (127 So 553).

In *Hamilton* v. *Jones,* 125 Ind 176 (25 NE 192), it was said:

"Statutes in derogation of the common law are to be strictly construed, and one who seeks to maintain an action which was within the prohibition of the common law must be able to point to a statute which in plain and explicit terms authorizes the action to be maintained. A plaintiff who sues on a

---

* Code of Alabama (1940), title 7, § 150.

right of action given by statute must present a case clearly within the statute which creates the right."

See the annotation in 61 ALR 830 and cases cited therein.

The statute relied upon by plaintiff does not change the common-law rule that *ex delicto* causes of action do not survive the death of the tortfeasor where the tortfeasor's death precedes that of his victim.

It is also a general rule that if by the law of that State where the cause of action arose the cause of action abates, no action may be maintained in another State.

"If by the law of the place where the defendant caused an event to happen this event created no right of action in tort, no action can be brought on account of the event in another State although it would create a cause of action by the law of that other State: *Whether by the common law or by a statute.*" (Italics supplied.)    2 Beale on the Conflict of Laws (1st ed), § 378.4.

The judgment of the trial court is affirmed, with costs to the defendant.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.