DOALL *v.* MICHIGAN CONSOLIDATED GAS COMPANY

1. MOTIONS—IMPLEADER—DISCRETION.
   Granting or denial of a motion to implead an alleged joint tort-feasor as a third-party defendant under a claim of contribution is not a right, but within the sound discretion of the trial court (GCR 1963, 204.1).

2. MOTIONS—IMPLEADER—JOINT TORTFEASORS—DISCRETION.
   A trial court's denial of a motion to implead an alleged joint tortfeasor as a third-party defendant under a claim of contribution was proper, where the trial court is not shown to have abused its discretion.

3. MOTIONS—IMPLEADER—DELAY—COMPLICATION.
   Delay and complication are recognized bases for the discretionary denial of impleader, where an already ancient case would be further delayed by additional discovery and pretrial conferences, along with the third-party defendant's filing of responsive pleadings and a pretrial statement, and where a case already complicated by multiple claims, multiple parties, and a difficult question of causation might well be put beyond the jury's comprehension with the addition of another party and its theories, claims and evidence.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 October 8, 1969, at Detroit. (Docket No. 5,413.) Decided April 29, 1970.

Complaint by John F. Doall and Marion Doall against Michigan Consolidated Gas Company and Whirlpool Corporation for personal injury and property damages. Leave to file third-party com-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 39 Am Jur, Parties § 24 *et seq.*

plaint by Michigan Consolidated Gas Company and Whirlpool Corporation against The Williamson Company denied. Michigan Consolidated Gas Company and Whirlpool Corporation appeal. Affirmed.

*Dyer, Meek, Ruegsegger & Bullard,* for Michigan Consolidated Gas Company.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr,* for Whirlpool Corporation.

*Bileti & Valenti,* for The Williamson Company.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. This is an appeal by Michigan Consolidated Gas Company and Whirlpool Corporation, defendants and third-party plaintiffs, from an order of the Wayne county circuit court dismissing their third-party complaints against The Williamson Company. One of the principal issues presented by this appeal—whether impleader under GCR 1963, 204, is of right or merely within the discretion of the trial court where a claim of contribution against an alleged joint tortfeasor is involved—has been made dispositive by the Supreme Court's recent decision in *Moyses* v. *Spartan Asphalt Paving Company* (1970), 383 Mich 314. Impleader of an alleged joint tortfeasor under a claim of contribution is not of right, but within the sound discretion of the trial court.[1] Since it is, and since the trial

---

[1] Defendants' argument that impleader is of right is based on the pre-*Moyses* belief that unless impleader of a joint tortfeasor unnamed by the plaintiff in the primary action were allowed, the substantive right of contribution would be lost for all time. Honigman and Hawkins describe the problem in the following terms:

"It must be noted that under the contribution statute, RJA § 2925, a right of contribution among joint tortfeasors exists only (1) if

court in the instant case has not been shown to have abused its discretion, we affirm the order dismissing the third-party complaints.

Plaintiffs John and Marion Doall filed their complaint in this yet untried cause on October 28, 1963, alleging that a gas refrigerator manufactured by Whirlpool Corporation and sold to them by Michigan Consolidated Gas Company in August, 1960, emitted certain chemicals and gases which, after traveling through the house heating and air-conditioning system, permeated Marion Doall's skin and hair and formed a brown sticky substance on their furnishings, thereby causing $100,000 in damages to person and property. In May, 1967, after the answers, amendments to answers, replies and various interrogatories had been filed, defendants were granted leave under GCR 1963, 204.1, to file third-party complaints against The Williamson Company, the manufacturer and installer of the heating and air-conditioning system. Each defendant alleges, in part, in its complaint that should it be held liable to the plaintiffs, it is entitled to recovery against The Williamson Company for con-

---

there has been a joint judgment (that is, as a result of their having been sued jointly by the plaintiff), or (2) if they are summoned in as third-party defendants pursuant to court rule. If a tortfeasor sued separately is not allowed to implead alleged joint tortfeasors for contribution, any right of contribution will be lost. Thus, as to contribution, it is not always true, that the defendant may await the outcome of the main trial and then sue the third party upon the right thus allegedly accruing. *Id.* at p 378. The defendant, on timely motion, should be allowed to implead the third-party defendant, in order to preserve his right to contribution under the statute. If such joinder threatens to delay or complicate the main action unduly, the remedy is simply to order a separate trial for the third-party claim. Subrule 204.1(4). The court may direct a final judgment on the primary claim alone, in accordance with the provisions of subrule 518.2. *Ibid.*" 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1969 Supp, p 82. See also Practice Commentary § 600.2925, 33 MCLA p 780.

Under *Moyses,* defendants may enforce any right to contribution they might have against The Williamson Company by bringing an equitable action after judgment.

tribution. Served with summons and complaint, The Williamson Company moved both for summary judgment (on the ground defendants failed to state a claim upon which relief can be granted) and for accelerated judgment (on the ground that the running of the statute of limitations on any claim plaintiffs might have against it bars a claim by the defendants for contribution).[2]

In ruling on these motions, the court reconsidered its grant of leave, concluded that leave had been improvidently granted, and dismissed the third-party complaints. Delay and complication were assigned as the reason for the dismissal. Trial of what the court characterized as an already "ancient" case would be further delayed by additional discovery and pretrial conferences, along with the third-party defendant's filing of responsive pleadings and a pretrial statement. Moreover, a case already complicated by multiple claims, multiple parties, and a difficult question of causation might well be put beyond the jury's comprehension with the addition of another party and its theories, claims and evidence.

Delay and complication are recognized bases for the discretionary denial of impleader, whether the impleader be on a theory of contribution, indemnity or otherwise:

"Impleader is by motion *ex parte* before service of the answer, or by motion with notice to plaintiff after the service of an answer. The granting of the motion rests within the sound discretion of the court, and there is no absolute right to join a third-

---

[2] The running of the statute on the primary plaintiff's claim against a nonparty tortfeasor does not bar a party tortfeasor's claim for contribution. *Duncan* v. *Beres* (1968), 15 Mich App 318, 332, and cases cited therein. But see *Morgan* v. *McDermott* (1969), 382 Mich 333, where a 60-day notice requirement was a prerequisite to governmental liability.

party defendant. Generally courts will be liberal in allowing the joinder of third-party defendants, but it should be avoided where there might be prejudice to either party because of the complexity of the case. It should be remembered, however, that if there is objection on this basis, the court can always order separate trials of separate issues under GCR 1963, 505.2.

"Joiner [61 Negligence Law Section Bulletin 8, 12] says:

"In acting upon a motion made under the rule the judge will weigh the advantages of having the third party in the case against the following:

"1. The probability of delay, *United States* v. *Jollimore* (1949), 2 FRD 148.

"2. Complications of the trial, *McPherrin* v. *Hartford Ins. Co.* (1940), 1 FRD 88.

"3. The timeliness of the motion, *Casey* v. *Calmar Steamship Corporation* (D Del, 1956), 138 Fed Supp 751.

"4. The similarity of evidence, *Jones* v. *Waterman SS. Corp.* (CA 3, 1946), 155 F2d 992.

"5. The possibility of prejudice to the plaintiff, *FDIC* v. *The National Surety Corp.* (1950), 13 FRD 201; *Casey* v. *Calmar Steamship Corporation, supra.*

"6. Possibility of prejudice to third-party defendant, *American Fidelity and Casualty Company* v. *Greyhound Corporation* (CA 5, 1956), 232 F2d 89." 1 Gilmore, Michigan Civil Procedure, Before Trial, pp 332, 333 (quoted with approval in *Moyses, supra,* and in the concurring opinion of Justice BLACK in *Husted* v. *Consumers Power Company* [1965], 376 Mich 41, 63).

The court acted within its discretion by dismissing the third-party complaints.

The order is affirmed.

All concurred.