GENESEE COUNTY ROAD COMMISSION v STATE HIGHWAY COMMISSION

Docket No. 30599. Submitted June 5, 1978, at Lansing.—Decided October 3, 1978.

Michael Mitchell was killed as a result of an automobile accident. A wrongful death action was commenced on his behalf in circuit court against Genesee County Road Commission, Michigan Mutual Insurance Company, and Michigan State Highway Commission. At the same time a similar complaint was filed against the State Highway Commission in the Court of Claims. The State Highway Commission's motion for summary judgment was granted by the circuit court, on the ground that the Court of Claims had exclusive jurisdiction over claims against state agencies.

Subsequently, the action against the State Highway Commission in the Court of Claims was voluntarily dismissed. The Genesee County Road Commission and Michigan Mutual Insurance Company settled the circuit court action by the payment of $75,000. As a result of the circuit court settlement, an action for contribution for $37,500 was commenced in the Court of Claims by Genesee County Road Commission and Michigan Mutual Insurance Company against the State Highway Commission. The defendant's motion for summary judgment, on the ground that the action was barred under the doctrine of gov-

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 33.

[2, 3, 5, 7] 18 Am Jur 2d, Contribution § 35 et seq.

57 Am Jur 2d, Municipal, School, and State Tort Liability 59 et seq.

Uniform Contribution Among Tortfeasors Act. 34 ALR2d 1107.

Contribution between negligent tortfeasors at common law. 60 ALR2d 1366.

[3] 39 Am Jur 2d, Highways, Streets and Bridges §§ 342-344.

[4, 6] 73 Am Jur 2d, Statutes § 313.

[6] 57 Am Jur 2d, Municipal, School, and State Liability §§ 293 et seq., 301, 302.

Rule of municipal immunity from liability for acts in performance of governmental functions as applicable to personal injury or death as result of a nuisance. 56 ALR2d 1415.

[7] 16 Am Jur 2d, Constitutional Law §§ 491, 527-530.

ernmental immunity, was granted by the Court of Claims, Martin B. Breighner, J. The plaintiffs appeal. *Held:*

The plaintiffs' claim for contribution was barred by governmental immunity as their claim did not fit into any of the recognized exceptions to governmental immunity which protected the defendant.

Affirmed.

1. COURTS—COURT OF CLAIMS—GOVERNMENTAL IMMUNITY—STATUTES.

The power of the Court of Claims is limited in part by the doctrine of governmental immunity (MCL 691.1407; MSA 3.996[107]).

2. TORTS—GOVERNMENTAL IMMUNITY—EXCEPTIONS—CONTRIBUTION—STATUTES.

A right to bring an action for contribution against the State Highway Department because a settlement of a negligence action had been made where the accident for which settlement had been made also involved the proper maintenance of roadways under the jurisdiction of the State Highway Department is dependent upon the applicability of some exception to the governmental immunity statute (MCL 691.1407; MSA 3.966[107]).

3. HIGHWAYS—GOVERNMENTAL IMMUNITY—BODILY INJURY—EXCEPTION—CONTRIBUTION—STATUTES.

The statute which allows a "person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel", to recover the damages suffered by him from such governmental agency because of its failure to keep the highway reasonably safe limits relief to that class of persons who suffer bodily injury or property damage and does not allow a tortfeasor who was also liable and who has settled with the injured party to bring an action for contribution against a defendant governmental agency otherwise covered by governmental immunity (MCL 691.1402; MSA 3.996[102]).

4. TORTS—GOVERNMENTAL IMMUNITY—EXCEPTION.

Statutory exceptions to governmental immunity are to be strictly construed.

5. TORTS—JOINT TORTFEASORS—CONTRIBUTION—GOVERNMENTAL IMMUNITY.

A joint tortfeasor is not barred from seeking the equitable right

of contribution in Michigan; however, that right does not affect governmental immunity where contribution is sought from a party protected by governmental immunity.

6. Torts—Governmental Immunity—Exceptions—Statutes.
   There are no exceptions to the governmental immunity act outside of the act itself beyond the court-made nuisance exception (MCL 691.1407; MSA 3.996[107]).

7. Constitutional Law—Equal Protection—Governmental Immunity.
   The concept of governmental immunity does not violate the equal protection clause.

*Brownell, Andrews, Philpott & Piper,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Francis J. Carrier,* Assistants Attorney General, for defendant.

Before: Allen, P.J., and Cynar and D. R. Freeman,* JJ.

Per Curiam. Plaintiffs appeal as of right from a September 29, 1976, judgment of the Court of Claims granting defendant's motion for summary judgment brought under GCR 1963, 117.2(1).

This case arose out of an automobile accident on November 3, 1969, in Genesee County. As a result of this accident a wrongful death action was filed in circuit court on November 3, 1971, in behalf of Michael Mitchell. Plaintiffs and defendant herein were named as defendants in that action. At the same time, a similar complaint was filed against the State Highway Commission in the Court of Claims. On April 27, 1972, the circuit court judge granted the Michigan State Highway Commis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sion's motion for accelerated judgment in that action, on the ground that MCL 600.6419; MSA 27A.6419 gave the Court of Claims exclusive jurisdiction over claims against state agencies.

Subsequently, the Court of Claims action against the State Highway Commission was voluntarily dismissed. On October 16, 1975, plaintiffs herein settled the circuit court action by the payment of $75,000.

On April 7, 1976, plaintiffs sought contribution from defendant for $37,500 as a result of the settlement in the circuit court action. However, defendant's motion for summary judgment was granted, on the ground that the action was barred under the doctrine of governmental immunity.

The Court of Claims was established by the Legislature under the authority of Const 1963, art 9, § 22 and art 6, § 26. Its jurisdiction is exclusive and extends

"over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies." MCL 600.6419(1); MSA 27A.6419(1).

However, the power of the Court of Claims is limited in part by the doctrine of governmental immunity. This doctrine was codified by MCL 691.1407; MSA 3.996(107) which states in part:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function."

In *Van Antwerp v State,* 334 Mich 593, 600–601; 55 NW2d 108 (1952), the Supreme Court held that the passage of a predecessor of the present Court of Claims Act did not waive the right of the state

to rely upon governmental immunity. A similar result is mandated here by the second sentence of MCL 691.1407; MSA 3.996(107) which states:

"Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability *as it existed heretofore, which immunity is affirmed.*"

See also *Doan v Kellogg Community College,* 80 Mich App 316, 320–321; 263 NW2d 357 (1977), which held that the Court of Claims Act should be interpreted in light of the subsequently-enacted governmental immunity act. Thus, since the maintenance of roadways is clearly a governmental function, *Thomas v Dep't of State Highway,* 398 Mich 1, 11; 247 NW2d 530 (1976), plaintiffs' right to bring this action is dependent upon the applicability of some exception to the governmental immunity provided generally by MCL 691.1407; MSA 3.996(107).

Plaintiffs attempt to rely upon MCL 691.1402; MSA 3.996(102) in support of their right to bring suit against defendant. That statute provides in part:

"Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

Although this section would have permitted the action in behalf of Michael Mitchell to be pursued against the state, it does not authorize the sort of action attempted here. This is because the statute limits relief to that class of persons who suffer

bodily injury or property damage. Plaintiffs, of course, have suffered no such loss. Statutory exceptions to governmental immunity are to be strictly construed. *Stremler v Dep't of State Highways,* 58 Mich App 620, 632-633; 228 NW2d 492 (1975). Subsequent language in MCL 691.1402; MSA 3.996(102), limiting actions to "injury or loss suffered on or after July 1, 1965," should not be read to expand the class of person who could bring a suit against the state. Rather, this language merely refers to the bodily injury and property damage mentioned previously therein.

Plaintiffs' other bases in support of bringing this action are similarly without merit. It is true that the Michigan Supreme Court has overruled a common-law rule barring joint tortfeasors from the equitable right of contribution, *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 329; 174 NW2d 797 (1970). However, plaintiffs cannot avail themselves of this right, as *Moyses* did not deal with a situation where the action was otherwise barred by governmental immunity. Nor should *Moyses* be construed as setting forth an exception to the rule of governmental immunity. This is because MCL 691.1407; MSA 3.996(107) eliminates tort liability of governmental agencies "[e]xcept as in this act otherwise provided." Thus, except for the court-made nuisance exception, *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), one cannot look beyond the scope of the governmental immunity act for exceptions thereto.

Nor can plaintiffs rely upon MCL 600.2925; MSA 27A.2925, as applied in *Morgan v McDermott,* 382 Mich 333; 169 NW2d 897 (1969), as a basis for this action. That statute, which provides for a statutory right of contribution, only applies when a money judgment has been recovered jointly against two or more defendants. Such is not the case here. Nor

can plaintiffs rely upon MCL 600.2925a; MSA 27A.2925a which amended this section, since the amendment applies only to torts committed on or after January 1, 1975. See 1974 PA 318, § 3.

Plaintiffs lastly contend that the statutory scheme which permits the Genesee County Road Commission to be sued for contribution in circuit court, while shielding the State Highway Department from such an action, violates their rights to equal protection of the laws. This Court has consistently rejected claims that governmental immunity violates the equal protection clause. See for example *Snow v Freeman,* 55 Mich App 84, 86; 222 NW2d 43 (1974), and *Anderson v Detroit,* 54 Mich App 496, 498–499; 221 NW2d 168 (1974). *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972), cited by plaintiffs, is inapplicable, as that case dealt with a notice provision not involved here.

Affirmed. No costs, a public question being involved.

D. R. FREEMAN, J., not participating.