MAY v WOLVERINE TRACTOR AND EQUIPMENT COMPANY

Docket No. 46332. Submitted December 3, 1980, at Detroit.—Decided June 16, 1981. Leave to appeal denied, 412 Mich 863.

Alan May, administrator of the estate of Manley Hughes, brought an action in the Oakland Circuit Court against Wolverine Tractor and Equipment Company and International Harvester Company. Mr. Hughes was an employee of Spartan Aggregates, Inc., and was operating a payloader built by International Harvester and sold to Spartan Aggregates by Wolverine Tractor when the payloader overturned, killing Hughes. The administrator alleged that Hughes's death was due to negligence, breach of express and implied warranties and fraud and deceit on the part of defendants. International Harvester filed a third-party complaint against the Board of County Road Commissioners of the County of Oakland for contribution or indemnification, alleging that the roadway where the payloader overturned was unsafe and defective due to the negligence of the Board. The court, John N. O'Brien, J., denied the Board's motion for summary judgment for failure to state a claim for which relief could be granted. The Board appeals by leave granted. Held:

1. Governmental immunity does not shield the Board from International Harvester's claim for contribution.

2. The court should have granted summary judgment with regard to International Harvester's claim for indemnification. Plaintiff's complaint alleged active negligence of International Harvester, and indemnity arising from tort is only available when the party seeking it is free from personal fault.

Affirmed in part and reversed in part.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur 2d, Contribution § 74.
    Right of defendant in action for personal injury or death to bring in joint tortfeasor for purpose of asserting right of contribution. 11 ALR2d 228.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 383, 384.
[3] 41 Am Jur 2d, Indemnity §§ 1, 20, 21.
    Right of United States under Federal Tort Act to recover contribution or indemnity from joint tortfeasor. 15 ALR Fed 665.

1. TORTS — CONTRIBUTION — STATUTES.

  A tortfeasor defendant has a right to join joint tortfeasors as third-party defendants for purposes of contribution (MCL 600.2925[a]; MSA 27A.2925[1]).

2. HIGHWAYS — PERSONAL INJURY — CONTRIBUTION — STATUTES.

  The statute imposing liability upon governmental units where their failure to maintain a highway is a proximate cause of injury or property damage permits joint tortfeasors to seek contribution from the responsible governmental unit (MCL 691.1402; MSA 3.996[102]).

3. INDEMNITY — TORTS — FAULT.

  The theory of indemnity is that where the wrongful act of one results in liability being imposed on another, such other person may have indemnity from the person actually guilty of the wrong, but the person seeking indemnity must plead and prove freedom from active or causal negligence on his part; there is no right of indemnification between actual joint tortfeasors or tortfeasors in pari delicto.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Michael J. Malloy* and *Christine D. Oldani),* for International Harvester Company.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Roger F. Wardle* and *Michael L. Updike),* for Board of County Road Commissioners for the County of Oakland.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. B. BREIGHNER,* JJ.

M. B. BREIGHNER, J. Third-party defendant Oakland County Board of Road Commissioners appeals by leave from the denial on rehearing of its motion for summary judgment.

Plaintiff's decedent, Manley Hughes, was fatally injured on July 13, 1973, in a vehicular accident on Grange Hall Road in Oakland County. At the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

time, Hughes was driving a payloader as part of his employment with Spartan Aggregates, Inc. When he attempted to pull over to the side of the road to allow traffic to pass, the machine went out of control and off the roadway, rolling over on its side and top and crushing Hughes. Plaintiff sued International Harvester Company, the manufacturer of the payloader, and Wolverine Tractor and Equipment Company, the seller of the machine to Spartan Aggregates. Plaintiff's complaint included allegations of negligence, breach of implied and express warranties and fraud and deceit against the two companies. International Harvester filed a third-party complaint against the Board of Road Commissioners, seeking contribution or indemnification. The company alleges that the accident was caused by the Board's negligence in failing to properly maintain the roadway.

The Board based its motion for summary judgment on two separate theories. First, the Board argued that International Harvester's claim for contribution was barred by governmental immunity. Second, the Board claimed that indemnity could not be obtained since International Harvester's own liability could only be based on fault. We consider each of these theories on appeal.

I. *Does the government's waiver of immunity in* MCL 691.1402; MSA 3.996(102) *permit the government to be impleaded pursuant to a claim for contribution by a defendant who is not personally injured and who suffered no property damage as a direct result of the accident?*

In Michigan, the right to contribution among joint tortfeasors exists pursuant to statute. MCL 600.2925a(1); MSA 27A.2925(1) provides:

"Whenever a money judgment has been recovered

jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment."[1]

In the instant case, International Harvester contends that the Board is a joint tortfeasor based on its failure to properly maintain the roadway. At the time of the accident, governmental immunity was in effect pursuant to statute and the common law. MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq., e.g., Bofysil v Dep't of State Highways,* 44 Mich App 118, 124; 205 NW2d 222 (1972), *McNees v Scholley,* 46 Mich App 702, 707; 208 NW2d 643 (1973).[2] Governmental agencies are immune from tort liability arising out of the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). The maintenance and improvement of a highway is such a governmental function. *Thomas v Dep't of State Highways,* 398 Mich 1, 11-12; 247 NW2d 530 (1976).

Nonetheless, a specific statutory exception to the general rule of immunity is provided in MCL 691.1402; MSA 3.996(102).

---

[1] Although the contribution statute has subsequently been amended, the revised sections are only applicable to torts committed on or after January 1, 1975. 1974 PA 318; MCL 600.2925a-d; MSA 27A.2925(1)-(4).

[2] Common-law governmental immunity was prospectively abrogated by *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976).

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer."

The parties agree that this exception would have permitted plaintiff to sue the Board of Road Commissioners directly for their alleged failure to maintain the roadway. The Board contends, however, that the statutory provision does not extend to International Harvester's claim for contribution. The Board would interpret this section in a narrow manner, limiting recovery to persons "sustaining bodily injury or damage to * * * property", relying on *Genesee County Road Comm v State Highway Comm,* 86 Mich App 294, 298-299; 272 NW2d 632 (1978).

The *Genesee County Road Comm* case arose out of a fatal automobile accident in Genesee County. A wrongful death action was commenced in circuit court against the Genesee County Road Commission and the State Highway Commission, while a similar complaint was filed against the State Highway Commission alone in the Court of Claims. Accelerated judgment was granted to the State Highway Commission in circuit court because of the exclusive jurisdiction of the Court of Claims. Subsequently, the Court of Claims action against the state was voluntarily dismissed, while the Genesee County Road Commission settled the circuit court suit by payment of $75,000. The county then sought contribution from the state of one-half of the settlement amount. Summary judgment in favor of the state was affirmed by this Court. In interpreting MCL 691.1402; MSA 3.996(102), the Court wrote:

"Although this section would have permitted the action in behalf of Michael Mitchell to be pursued against the state, it does not authorize the sort of action attempted here. This is because the statute limits relief to that class of persons who suffer bodily injury or property damage. Plaintiffs, of course, have suffered no such loss. Statutory exceptions to governmental immunity are to be strictly construed. *Stremler v Dep't of State Highways,* 58 Mich App 620, 632-633; 228 NW2d 492 (1975). Subsequent language in MCL 691.1402; MSA 3.996(102), limiting actions to 'injury or loss suffered on or after July 1, 1965,' should not be read to expand the class of person who could bring a suit against the state. Rather, this language merely refers to the bodily injury and property damage mentioned previously therein." 86 Mich App 294, 298-299.

We disagree with such a narrow interpretation. Concededly, statutes in derogation of the common

law are to be strictly construed. *Yount v National Bank of Jackson,* 327 Mich 342, 347; 42 NW2d 110 (1950). Notwithstanding that rule, a statute must also be construed sensibly and in harmony with the legislative purpose. *In re Cameron's Estate,* 170 Mich 578, 582; 136 NW 451 (1912). Here, the Legislature has established three statutory exceptions to the general grant of immunity, imposing liability in cases involving defective highways, negligently operated government vehicles and dangerous or defective public buildings. MCL 691.1402-691.1406; MSA 3.996(102)-3.996(106). The exceptions indicate a legislative intent to protect the public from injury by imposing upon governmental agencies the duty to maintain safe public places. *Pichette v Manistique Public Schools,* 403 Mich 268, 284-285, 287; 269 NW2d 143 (1978), *Bush v Oscoda Area Schools,* 405 Mich 716, 731-732, 734; 275 NW2d 268 (1979). That purpose is advanced by imposing liability upon governmental units where their failure to maintain is a proximate cause of injury or damage to the public.

A narrow construction of MCL 691.1402; MSA 3.996(102) would permit a plaintiff to determine governmental liability by deciding whether or not to include the government as an original defendant. The contribution statute itself was amended by 1961 PA 236 to avoid such a result among nongovernmental litigants. The amendment permits contribution from joint tortfeasors who are joined as third-party defendants. Previously, contribution was only possible when a judgment had been recovered jointly against the tortfeasors. The potential for abuse was eliminated by depriving plaintiffs of the ability to prevent contribution. See Hawkins, Practice Commentary and Committee Comment, MCLA 600.2925, pp 780, 786. The pres-

ent situation is decidedly similar. A plaintiff's lack of diligence, oversight or deliberate choice in not naming a governmental defendant must not be permitted to place upon a named defendant an unfair share of responsibility. The lower court properly denied the Board's motion for summary judgment with respect to International Harvester's claim for contribution, and we affirm.

II. *May an action for indemnification be maintained by a defendant whose own liability is based on allegations of active negligence?*

In *Dale v Whiteman,* 388 Mich 698, 704-705; 202 NW2d 797 (1972), the Supreme Court elucidated the types of relationships creating a duty of indemnification:

"The basis for indemnification has been said to rest upon the equitable principle of a right to restitution. Courts have found various grounds for granting indemnity. Probably the simplest situation is one in which the parties have entered into a written contract in which one party has clearly agreed to indemnify the other. Next are those cases where the contract terms are such that a right of indemnification can be implied. See *Ryan Stevedoring Co, Inc v Pan-Atlantic Steamship Corp,* 350 US 124; 76 S Ct 232; 100 L Ed 133 (1956); *McDonnell Aircraft Corp v Hartman-Hanks-Walsh Painting Co,* 323 SW2d 788 (Mo, 1959). Then there are those cases where the courts have written into the agreement of the parties an implied contract to indemnify based upon the undertaking of one party, written or oral, to perform a certain service or furnish a product to the other party. See *Diamond State Telephone Co v University of Delaware,* 269 A2d 52 (Del, 1970).

"Other decisions are based on the special relationship between the parties—such as a bailment. In these cases, the bailor has been given a right of indemnification from the bailee. See *Lunderberg v Bierman,* 241 Minn 349; 63 NW2d 355 (1954); *Baugh v Rogers,* 24 Cal 2d 200; 148 P2d 633 (1944).

"Finally, there are a number of cases in which the right to be indemnified is based upon the theory that the party entitled to indemnification was a 'passive' tortfeasor as opposed to the 'active' tort of some other party. See *Larson v Minneapolis,* 262 Minn 142; 114 NW2d 68 (1962); *Daly v Bergstedt,* 267 Minn 244; 126 NW2d 242 (1964)."

International Harvester's claim for indemnification rests upon the final theory. The company asserts that the Board should be liable for its own acts of active negligence. However, indemnity arising from tort is only available when the party seeking it is free from personal fault. *Husted v Consumers Power Co,* 376 Mich 41, 51; 135 NW2d 370 (1965), *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58, 62-65; 248 NW2d 676 (1976).

*Minster Machine Co v Diamond Stamping Co, supra,* is directly on point. There, the manufacturer of an allegedly negligently designed press sought indemnity from the original plaintiff's employer. This Court affirmed summary judgment in favor of the employer, concluding that the claims against the manufacturer could result in liability only for active negligence. Because passive negligence of the type imposed by law was not possible, indemnity was not appropriate.

Here, the liability of International Harvester is likewise contingent on its active tortious conduct. Plaintiff alleges that the company was negligent, breached express and implied warranties and acted in a fraudulent and deceptive manner. The allegations all stem out of the design, manufacture and distribution of the payloader in question. Since International Harvester may only be liable through its own personal fault, indemnification cannot be appropriate. The company's claim for

indemnification is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. The lower court erred in denying the Board's motion for summary judgment with regard to that claim. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972). We therefore reverse and remand for entry of an order dismissing International Harvester's third-party complaint with regard to its claim for indemnification.

Reversed in part and affirmed in part. No costs, neither party having fully prevailed.