SZIBER v STOUT

TAUSCH v STOUT

Docket Nos. 53162, 53349, 53473, 53474, 53845. Submitted June 12,
1981, at Lansing.—Decided November 17, 1981.

This appeal involves a consolidation of three Tuscola Circuit
Court cases which arose out of a single two-car accident which
occurred September 28, 1973, at the intersection of two roads
dividing Lapeer and Tuscola Counties. One of the automobiles
was owned and operated by Harry E. Sziber, Sr. The other
automobile was owned by Geraldine A. Stout and was being
driven by Brian J. Stout at the time of the accident. Bernice M.
Sziber and Harry E. Sziber, Jr., died as a result of injuries
suffered in the collision. Harry E. Sziber, Sr., filed an action in
Tuscola Circuit Court against defendants Stout. Karen Tausch,
administratrix of the estate of Bernice E. Sziber, deceased, and
of the estate of Harry E. Sziber, Jr., deceased, filed separate
actions on behalf of the two estates in Tuscola Circuit Court
against Geraldine A. Stout, Brian J. Stout and Harry E. Sziber,
Sr. All three actions were filed on September 27, 1976. Defen-
dants in the three cases filed third-party complaints against the
Board of County Road Commissioners of the County of Tuscola
and the Board of County Road Commissioners of the County of
Lapeer seeking indemnification and/or contribution for any or
all of any judgment entered against the defendants on the basis
that the third-party defendants had negligently maintained the
intersection where the accident occurred and that such negli-
gence was a proximate cause of the accident. Accelerated
judgment was granted in favor of third-party defendants in
each case on the basis that the period of limitations for a claim

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 847 et seq.

57 Am Jur 2d, Municipal, School, and State Tort Liability § 64.

59 Am Jur 2d, Parties §§ 202-206.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 59 et
seq.

73 Am Jur 2d, Statutes §§ 287-289.

[5] 18 Am Jur 2d, Contribution § 93.

against governmental agencies was two years from the time of the accident and that the period of limitations had expired, Martin E. Clements, J. Third-party plaintiffs appeal. *Held:*

The question of whether the trial court erred in granting accelerated judgment in favor of third-party defendants on the basis that the contribution actions were barred by expiration of the period of limitations need not be addressed because, by statute, a cause of action may be brought against a county road commission only by that class of persons who have sustained bodily injury or damage to their property as a result of that governmental agency's failure to keep a highway in reasonable repair. Third-party plaintiffs do not fall within this class. Their action, therefore, is barred by the doctrine of governmental immunity.

Affirmed.

M. F. CAVANAGH, J., dissented. He would hold that third-party plaintiffs could properly implead third-party defendants pursuant to a claim of contribution and that the trial court erred in barring the claims for contribution on the ground that more than two years had lapsed since the accident occurred. He would also hold that the fact that the statute of limitations bars the original plaintiff's action against the third-party defendants does not bar a suit for contribution between the co-tortfeasors because the cause of action for contribution does not accrue until payment of damages to the plaintiff. He would reverse the trial court's grant of accelerated judgment.

### OPINION OF THE COURT

1. ACTIONS — THIRD-PARTY PRACTICE — CONTRIBUTION — DEFENSES — GOVERNMENTAL IMMUNITY — COUNTY ROAD COMMISSIONS.

   The doctrine of governmental immunity precludes a county road commission from being impleaded in a personal injury action arising out of an automobile accident pursuant to a claim for contribution by defendants who have not been personally injured or who have not suffered property damage as a result of the accident.

2. STATUTES — JUDICIAL CONSTRUCTION.

   A statute which creates liability in derogation of common law must be strictly construed.

3. ACTIONS — HIGHWAYS — COUNTY ROAD COMMISSIONS.

   A cause of action may be brought against a county road commission only by that class of persons who have sustained bodily injury or damage to their property as a result of that govern-

mental agency's failure to keep a highway in reasonable repair (MCL 691.1402; MSA 3.996[102]).

DISSENT BY M. F. CAVANAGH, J.

4. HIGHWAYS — PERSONAL INJURY — CONTRIBUTION.

The statute imposing liability upon governmental units where their failure to maintain a highway is a proximate cause of injury or property damage permits joint tortfeasors to seek contribution from the responsible governmental unit (MCL 691.1402; MSA 3.996[102]).

5. ACTIONS — LIMITATION OF ACTIONS — CONTRIBUTION.

The fact that the period of limitations has expired and bars suit against one of two or more co-tortfeasors does not bar a suit for contribution between a co-tortfeasor who is ultimately found to be liable for damages and the co-tortfeasor against whom action was barred because the cause of action for contribution does not accrue until payment of damages by the party found to be liable.

*Zimostrad, Wenzloff, Allsopp & Zimostrad, P.C.,* for Brian J. Stout and Geraldine A. Stout.

*Chaklos, Jungerheld & Della Santina, P.C.* (by *Gary J. Goodman),* for Harry E. Sziber, Sr.

*Collison, Chasnis & Dogger,* for the Board of County Road Commissioners of the County of Tuscola.

*Milliken, Magee & Yuille,* for the Board of County Road Commissioners of the County of Lapeer.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Three circuit court cases have been consolidated for purposes of this appeal. Third-party plaintiffs, Harry Sziber, Sr., Brian Stout and

* Circuit judge, sitting on the Court of Appeals by assignment.

Geraldine Stout, appeal from accelerated judgments granted in favor of third-party defendants, the Tuscola and Lapeer County Road Commissions.

The facts of the three cases involved herein are not at issue. All three negligence actions arose out of the same two-automobile accident which occurred on September 28, 1973, at the intersection of Schaeffer and Willits Roads, such intersection dividing Tuscola and Lapeer Counties.

All three actions were commenced on September 27, 1976, by plaintiffs against the various defendants, third-party plaintiffs who were either the drivers or owners of the automobiles involved in the collision. Subsequently, the third-party plaintiffs sought to implead third-party defendants pursuant to GCR 1963, 204. In April and June of 1978, third-party plaintiffs filed their complaints for contribution alleging that third-party defendants had negligently maintained the intersection which was the scene of the accident and that such negligence was a proximate cause of the automobile accident.[1]

In October of 1978, the trial court entered a written opinion which held that a claim of contribution against governmental agencies, such as third-party defendants, must be brought within two years of an automobile accident or be barred by the statute of limitations. Orders granting accelerated judgment in favor of third-party defendants were subsequently entered.

---

[1] On appeal third-party plaintiffs seek "indemnification and/or contribution". However, we find that under the facts of these cases third-party plaintiffs would not be entitled to indemnification because indemnification arising from tort is only available when the party seeking it is free from personal fault. See *May v Wolverine Tractor & Equipment Co,* 107 Mich App 163; 309 NW2d 594 (1981), *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976). Therefore, we will only address the issue whether third-party plaintiffs are entitled to maintain their action for contribution.

On appeal, third-party plaintiffs argue that as a general rule the fact that the period of limitations has expired and suit is barred against the original plaintiff's action does not bar a suit for contribution between joint tortfeasors since that cause of action does not accrue until payment of damages by the party asserting the right to contribution.[2] Third-party plaintiffs assert that this general rule is applicable to the instant case. They contend that the trial court arbitrarily distinguished the rights of a private litigant from those of a governmental tortfeasor when it determined that a claim of contribution against third-party defendants must be brought within two years of an automobile accident, rather than within six months after the right to contribution arises, as provided in MCL 600.2925; MSA 27A.2925.[3] Relying on *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972), third-party plaintiffs argue that the trial court's treatment of third-party defendants violates equal protection in that it arbitrarily divides negligent tortfeasors seeking contribution into two classes—those who must sue governmental agencies within two years of a negligent act and those who have six months after payment of the judgment to seek contribution from private joint tortfeasors.

As framed by the third-party plaintiffs, the sole issue before us is whether the trial court erred in granting accelerated judgment in favor of third-

---

[2] See *Duncan v Beres,* 15 Mich App 318; 166 NW2d 678 (1968), *Doall v Michigan Consolidated Gas Co,* 23 Mich App 454; 179 NW2d 26 (1970), Anno: *When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort,* 57 ALR3d 867.

[3] MCL 600.2925; MSA 27A.2925 was amended by MCL 600.2925a; MSA 27A.2925(1). However, the amended statute is not applicable to the instant cases since it only applies to torts committed after January 1, 1975. See 1974 PA 318, § 3.

party defendants on the basis that the contribution actions were barred by the statute of limitations. However, as shall be seen below, we need not address this issue since we believe that a more basic question is dispositive of this case: Does the doctrine of governmental immunity preclude a county road commission from being impleaded pursuant to a claim for contribution by defendants who have not been personally injured or who have not suffered property damage as a result of the accident?

There is no doubt that, had they so desired, the original plaintiffs could have brought actions against third-party defendants pursuant to MCL 224.21; MSA 9.121. Third-party defendants' liability under MCL 224.21; MSA 9.121 is to be found under MCL 691.1402; MSA 3.996(102). *Forest v Parmalee,* 402 Mich 348, 356 n 2; 262 NW2d 653 (1978).

MCL 691.1402; MSA 3.996(102) provides in part:

"Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

The plaintiffs' right to commence an action pursuant to MCL 224.21; MSA 9.121 and MCL 691.1402; MSA 3.996(102) would have been subject to the two-year statute of limitations period set out at MCL 691.1411; MSA 3.996(111). *Forest, supra,* 356, fn 2. Since plaintiffs did not bring suit against third-party defendants within the two-year statute of limitations period, any cause of action they might have had is now barred.

Because the original plaintiffs could have

brought suit against third-party defendants pursu-
ant to MCL 224.21; MSA 9.121 and MCL 691.1402;
MSA 3.996(102), does it necessarily follow that
third-party plaintiffs have a right to contribution
from third-party defendants? There is currently a
split among two panels of this Court as to how this
question should be answered.

In *May v Wolverine Tractor & Equipment Co*,
107 Mich App 163; 309 NW2d 594 (1981), a panel
of this Court concluded that the governmental
waiver of immunity in MCL 691.1402; MSA
3.996(102) permitted the government to be im-
pleaded pursuant to a claim for contribution by a
defendant who was not injured and who suffered
no property damage as a direct result of an acci-
dent. In reaching this conclusion the *May* Court
reasoned that MCL 691.1402-691.1406; MSA
3.996(102)-3.996(106) evidenced a legislative intent
to protect the public from injury by imposing upon
governmental agencies the duty to maintain safe
public places and that this purpose would be ad-
vanced by imposing liability upon governmental
units via contribution. *May* also reasoned that this
approach would avoid situations where a plaintiff,
through lack of diligence or deliberate choice,
might not name a governmental defendant and
thereby place upon a named defendant an unfair
share of responsibility.

An analogous situation was addressed in *Gene-
see County Road Comm v State Highway Comm*,
86 Mich App 294; 272 NW2d 632 (1978), where
another panel of this Court held that the plaintiff
county road commission did not have the right to
seek contribution from defendant State Highway
Commission for damages the county road commis-
sion had paid to a person (Michael Mitchell) in-

jured in an automobile accident.[4] In denying contribution, *Genesee* interpreted the dimension of the waiver of governmental immunity found in MCL 691.1402; MSA 3.996(102) and stated:

"Although this section would have permitted the action in behalf of Michael Mitchell to be pursued against the state, it does not authorize the sort of action attempted here. This is because the statute limits relief to that class of persons who suffer bodily injury or property damage. Plaintiffs, of course, have suffered no such loss. Statutory exceptions to governmental immunity are to be strictly construed. *Stremler v Dep't of State Highways,* 58 Mich App 620, 632-633; 228 NW2d 492 (1975). Subsequent language in MCL 691.1402; MSA 3.996(102), limiting actions to 'injury or loss suffered on or after July 1, 1965,' should not be read to expand the class of person who could bring a suit against the state. Rather, this language merely refers to the bodily injury and property damage mentioned previously therein." *Id.,* 298-299.

As noted above, a county road commission's liability in tort flows from MCL 691.1402; MSA 3.996(102), as does the State Highway Commission's. Thus, under *Genesee,* third-party plaintiffs do not have a substantive right to bring an action for contribution against third-party defendants.

We agree with the interpretation of MCL 691.1402; MSA 3.996(102) set forth in *Genesee.*

Where a statute, such as MCL 691.1402; MSA 3.996(102), creates liability in derogation of common law, it must be strictly construed. *Yount v National Bank of Jackson,* 327 Mich 342, 347-348; 42 NW2d 110 (1950), *McEvoy v Sault Ste Marie,* 136 Mich 172; 98 NW 1006 (1904), *Stremler v Dep't of State Highways,* 58 Mich App 620; 228

---

[4] Unlike the instant case, *Genesee* did not involve impleader under GCR 1963, 204.

NW2d 492 (1975), *lv den* 404 Mich 815 (1979). We find that by its plain language MCL 691.1402; MSA 3.996(102) permits a cause of action to be brought against a county road commission only by that class of persons who have sustained bodily injury or damage to their property as a result of that governmental agency's failure to keep a highway in reasonable repair. Third-party plaintiffs do not fall within this class and, therefore, their action is barred by the doctrine of governmental immunity. See *Thomas v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976).

We acknowledge that our interpretation of MCL 691.1402; MSA 3.996(102) could, conceivably, lead to situations where a plaintiff (through lack of diligence or oversight in not naming a governmental defendant) might place upon a named defendant a greater share of responsibility than might otherwise have resulted had the governmental agency been joined. Also, we agree with the *May* Court that the exception to governmental immunity found in MCL 691.1402; MSA 3.996(102) evidences a legislative intent to protect the public from injury by imposing upon governmental agencies the duty to maintain safe public places. However, we also believe that a strong argument could be made that that purpose would only be marginally advanced by allowing contribution actions to be brought by a party who has not actually suffered "bodily injury or damage to his property" as a result of a governmental unit's failure to maintain reasonably safe highways. Be that as it may, we believe it is for the Legislature to determine the scope of the waiver of governmental immunity and we will not expand the class entitled to relief pursuant to MCL 691.1402; MSA 3.996(102).

In concluding that third-party plaintiffs' actions

are not within the scope of the waiver of governmental immunity found in MCL 691.1402; MSA 3.996(102), we also note that third-party plaintiffs cannot rely on MCL 600.2925; MSA 27A.2925 or GCR 1963, 204 as a basis for their actions since neither that statute nor court rule provide a substantive right of action. *Morgan v McDermott,* 382 Mich 333, 345, 352; 169 NW2d 897 (1969).

For the foregoing reasons, the judgment of the circuit court is affirmed. No costs, interpretation of a statute being involved.

M. F. CAVANAGH, J. *(dissenting).* I cannot agree with the narrow interpretation which the majority places upon MCL 691.1402; MSA 3.996(102). This Court's reasoning in *May v Wolverine Tractor & Equipment Co,* 107 Mich App 163; 309 NW2d 594 (1981), is more persuasive and achieves a more logical and equitable result. Accordingly, I would hold that third-party plaintiffs could properly implead third-party defendants pursuant to a claim for contribution.

I would also hold that the trial court erred in barring defendant's claim for contribution because more than two years had lapsed since the accident occurred. As a general rule, the fact that the statute of limitations bars the original plaintiff's action does not bar a suit for contribution between co-tortfeasors, since that cause of action *(i.e.,* contribution) does not accrue until payment of damages to the plaintiff. See *Duncan v Beres,* 15 Mich App 318; 166 NW2d 678 (1968), *Doall v Michigan Consolidated Gas Co,* 23 Mich App 454; 179 NW2d 26 (1970), Anno: *When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort,* 57 ALR3d 867. The rationale for this rule is that a defendant should not suffer because a plaintiff arbitrarily decided to

bring suit against only one of two or more tortfeasors.

Application of this general rule to the instant case would require a finding that the trial court erred in granting accelerated judgment to third-party defendants on the basis that the original plaintiffs' cause of action against third-party defendants would have been barred by the two-year statute of limitations applicable to negligence actions against county road commissions. See *e.g., Globig v Greene & Gust Co,* 184 F Supp 530 (ED Wis, 1960), and 57 ALR3d 867, 912-921.

For the foregoing reasons, I would reverse the lower court's grant of accelerated judgment.