LENAWEE COUNTY ROAD COMMISSION v DEPARTMENT OF
TRANSPORTATION

Docket No. 64523. Submitted April 18, 1983, at Lansing.—Decided
July 27, 1983.

Alice Painter and Wanda Broad were injured when the automobile which they occupied was struck in an intersection by a truck owned by the Lenawee County Road Commission. They brought an action for damages against the road commission. The road commission and its insurer, New Hampshire Insurance Company, then brought an action in the Court of Claims against the Michigan Department of Transportation seeking contribution, based on the allegedly negligent design of the intersection. The Court of Claims, Robert Holmes Bell, J., granted summary judgment in favor of the defendant, holding that the statutory exception from governmental immunity for negligent maintenance of a highway does not encompass an action for contribution. The road commission and its insurer appeal. *Held:*

An action for contribution is not within the scope of the highway exception to governmental immunity. The Court of Appeals will not expand the scope of the exceptions beyond the classes of persons clearly covered by the language of the statute.

Affirmed.

HIGHWAYS — GOVERNMENTAL IMMUNITY — CONTRIBUTION.

The statute creating an exception to governmental immunity for the failure of a governmental unit to maintain a highway in reasonable repair does not encompass a claim for contribution by one governmental unit against another; therefore, a county road commission sued by an injured party may not bring an action for contribution against the state based on the alleged failure of the state to properly maintain an intersection (MCL 691.1402; MSA 3.996[102]).

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Highways, Streets, and Bridges § 383.

*Robertson, Bartlow & Des Chenes, P.C.* (by *Alexander M. Des Chenes*), for plaintiffs.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Carl K. Carlsen* and *Clive D. Gemmil*, Assistants Attorney General, for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a grant of summary judgment on their complaint against the state in the Court of Claims. We affirm.

Alice Painter and Wanda Broad were injured when the automobile they occupied was struck by a truck owned by the Lenawee County Road Commission. They sued the commission in circuit court. The commission and its insurer sought contribution from the state in a Court of Claims action. They alleged that the accident had been caused by the negligent design of the intersection at which it occurred. The state was required to maintain the intersection in reasonable repair by the terms of MCL 691.1402; MSA 3.996(102).

In granting defendant's motion for summary judgment, the trial judge ruled that an action for contribution did not come within the exception to governmental immunity stated in MCL 691.1402; MSA 3.996(102).[1] He relied on this Court's opinions in *Sziber v Stout,* 111 Mich App 450; 315 NW2d

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel,

166 (1981), *lv gtd* 414 Mich 864 (1982), and *Gene-
see County Road Comm v State Highway Comm,*
86 Mich App 294; 272 NW2d 632 (1978). The
conclusion that contribution under this statutory
provision is allowed was reached in *May v Wolve-
rine Tractor & Equipment Co,* 107 Mich App 163;
309 NW2d 594 (1981).

We adopt the reasoning used by the Court in
*Sziber, supra.* We will not expand the scope of the
exceptions to governmental immunity beyond the
classes clearly covered by the language of the
Legislature. Although this result may seem unfair,
the same argument may be made about the results
in many cases in which the government's immu-
nity is invoked. The design of a more equitable
system is, however, for the Legislature.

Affirmed.

---

may recover the damages suffered by him from such governmental
agency. The liability, procedure and remedy as to county roads under
the jurisdiction of a county road commission shall be as provided in
section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as
amended, being section 224.21 of the Compiled Laws of 1948. The
duty of the state and the county road commissions to repair and
maintain highways, and the liability therefor, shall extend only to the
improved portion of the highway designed for vehicular travel and
shall not include sidewalks, crosswalks or any other installation
outside of the improved portion of the highway designed for vehicular
travel. No action shall be brought aginst the state under this section
except for injury or loss suffered on or after July 1, 1965. Any
judgment against the state based on a claim arising under this section
from acts or omissions of the state highway department shall be
payable only from restricted funds appropriated to the state highway
department or funds provided by its insurer."