SZIBER v STOUT

TAUSCH v STOUT

Docket Nos. 68466-68469, 68485-68489. Argued May 5, 1983 (Calendar
No. 24).—Decided October 31, 1984.

Karen Tausch, as administratrix of the estates of Bernice May
Sziber and Harry E. Sziber, Jr., deceased, brought actions for
wrongful death in the Tuscola Circuit Court against Harry E.
Sziber, Sr., the driver of the car in which the decedents were
killed, and against Brian J. Stout and Geraldine A. Stout, the
driver and owner of the car that collided with the Sziber car.
The defendants brought third-party actions against the Tuscola
and Lapeer Counties Boards of Road Commissioners, seeking
contribution. The court, Martin E. Clements, J., granted the
road commissioners' motions for accelerated judgment on the
ground that the complaints were barred by the statute of
limitations governing suits against governmental agencies for
defective highways. The Court of Appeals, Danhof, C.J., and
Freeman, J. (M. F. Cavanagh, J., dissenting), affirmed, but did
not address whether the actions were barred by the statute of
limitations, concluding instead that the defendants were not
within the class of persons permitted to bring an action against
a governmental agency for a defective highway and thus that
the actions were barred by the doctrine of governmental immu-
nity (Docket Nos. 53162, 53349, 53473, 53845). The defendants
appeal.

In an opinion by Justice Ryan, joined by Chief Justice Wil-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur 2d, Contribution § 50 et seq.
Contribution between joint tortfeasors as affected by settlement
with one or both by person injured or damaged. 8 ALR2d 195.

[1-3] 18 Am Jur 2d, Contribution § 33 et seq.

[1, 3] 18 Am Jur 2d, Contribution § 89 et seq.
What statute of limitations applies to action for contribution
against joint tortfeasor. 57 ALR3d 927.
When statute of limitations commences to run against claim for
contribution or indemnity based on tort. 57 ALR3d 867.

[1, 4] 18 Am Jur 2d, Contribution §§ 73, 74.
What law governs right to contribution or indemnity between
tortfeasors. 95 ALR2d 1096.

liams and Justices Kavanagh, Levin, Brickley, and Boyle, the Supreme Court *held:*

A defendant tortfeasor in a wrongful death action has a substantive right of contribution from any other tortfeasor, including a third-party defendant impleaded by the original defendant, for the amount of a money judgment recovered against and paid by the defendant in excess of his pro-rata share. A cause of action for contribution is not barred by the statute of limitations governing the underlying tort, and, where the death is the result of the failure of a governmental agency to keep a highway under its jurisdiction safe and fit for travel, contribution from a governmental agency is not barred by governmental immunity.

1. All government agencies are immune from tort liability where engaged in the exercise or discharge of a governmental function unless the immunity is waived. Persons sustaining bodily injury or damage to their property have been provided a right of recovery against a governmental agency for failure to maintain safe highways.

2. The contribution among tortfeasors act provides that whenever a money judgment is recovered jointly against two or more defendants in an action for bodily injury or death resulting from the injury and the judgment is paid in part or in full by one or more of the defendants, each defendant that has paid is entitled to contribution from the remaining defendants for any amount paid in excess of the defendant's pro-rata share. The provision applies whether the tortfeasors be codefendants or third-party defendants. The right of contribution is substantive and gives rise to a cause of action independent of the underlying action for tort. In this case, it is of no moment to argue that the defendants-third-party plaintiffs are barred from bringing an action for contribution against the road commissions on the ground of governmental immunity because they suffered no bodily injury or property damage. The right is a separate and independent right of recovery under the contribution statute and is not dependent upon the defendants' right to bring an action in tort against the road commissions.

3. The statute of limitations governing actions for contribution among tortfeasors begins to run when the cause of action for contribution accrues. The cause of action for contribution accrues when a judgment has been taken or rendered and a defendant has paid more than his aliquot share. Where a tortfeasor is not an original defendant in the action resulting in the judgment, the original defendant's right to contribution cannot be barred simply because the plaintiff in the original

action would be barred from bringing an action against the one from whom contribution is sought on the date the action for contribution is filed. In these cases, the causes of action for contribution accrued when the consent judgments were entered against the principal defendants and were satisfied. The statute of limitations provided in the contribution statute began to run at that time. The actions for contribution were filed well before the judgments were entered and satisfied and thus are not barred.

4. The actions for contribution are also not barred by the failure of the plaintiffs in the original actions to give notice to the road commissions of the damages caused by the defective highway. The notice requirement is inapplicable to actions for contribution, especially, as in this case, where the causes of action for contribution accrued when it was no longer possible to comply with the requirement.

Reversed and remanded.

111 Mich App 450; 315 NW2d 166 (1981) reversed.

*Morgan v McDermott,* 382 Mich 333; 169 NW2d 897 (1969), overruled.

1. CONTRIBUTION — GOVERNMENTAL IMMUNITY — THIRD-PARTY ACTIONS — STATUTE OF LIMITATIONS.

The right of a tortfeasor to contribution from another tortfeasor, including a third-party defendant, is substantive, accrues when payment is made on a money judgment by one tortfeasor in excess of his pro-rata share, and gives rise to a cause of action for contribution that is not barred by the statute of limitations governing the underlying tort, or by the doctrine of governmental immunity where the underlying tort resulted from a defective highway and the tortfeasor against whom contribution is sought is a governmental agency responsible for the highway (MCL 600.2925; MSA 27A.2925, repealed by 1974 PA 318; MCL 691.1402, 691.1407; MSA 3.996[102], 3.996[107]).

2. CONTRIBUTION — TORTFEASORS — SOURCE OF RIGHT.

The right of a tortfeasor to contribution from another tortfeasor for the amount of a money judgment against the tortfeasors paid in excess of his pro-rata share is independent of any right of recovery the paying tortfeasor has against the other in tort (MCL 600.2925; MSA 27A.2925, repealed by 1974 PA 318).

3. CONTRIBUTION — TORTFEASORS — SOURCE OF RIGHT — STATUTE OF LIMITATIONS.

Where a tortfeasor is not an original defendant in the action resulting in a judgment against the tortfeasors, the original

defendant's right to contribution cannot be barred simply because the plaintiff in the original action would be barred from bringing an action against the one from whom contribution is sought on the date the action for contribution is filed (MCL 600.2925; MSA 27A.2925, repealed by 1974 PA 318).

4. CONTRIBUTION — GOVERNMENTAL IMMUNITY — NOTICE OF INJURY.

The failure of a plaintiff in a wrongful death action in which the damages resulted in part from a defective highway to notify the governmental agency responsible for the highway of the damages does not bar an action for contribution by an original defendant against the agency (MCL 600.2925; MSA 27A.2925, repealed by 1974 PA 318).

*William E. Jungerheld* for Harry E. Sziber, Sr.

*Eric W. Zimostrad* for Bryan J. and Geraldine A. Stout.

*Milliken, Magee & Yuille* (by *David S. Magee)* for the Lapeer County Board of Road Commissioners.

*Collison, Chasnis & Dogger, P.C.* (by *Charles C. Collison),* for the Tuscola County Board of Road Commissioners.

Amici Curiae:

*L. W. McEntee* for the County Road Association of Michigan.

*Lilly, Domeny & Durant, P.C.* (by *Jeffrey E. Gwillim),* for the Van Buren County Road Commission.

RYAN, J. We are asked to determine whether a board of county road commissioners, as a governmental agency responsible for the maintenance of roadways pursuant to MCL 224.21 and 691.1402; MSA 9.121 and 3.996(102), may be impleaded by a

defendant-third-party plaintiff on a claim for contribution pursuant to MCL 600.2925; MSA 27A.2925.[1] As a corollary thereof, we are required to determine whether, assuming that such a third-party defendant may be impleaded pursuant to a claim for contribution, the third-party plaintiffs' claims in these cases are barred by the statute of limitations. We answer the first question in the affirmative, and the second in the negative.

I

Bernice Sziber and her four-year-old son, Harry E. Sziber, Jr., died as a result of injuries suffered in a two-car automobile collision that occurred at an open intersection in Tuscola County in September of 1973. One day short of three years later, in September of 1976, plaintiff Karen Tausch, as special administratrix of the estates of Bernice Sziber and Harry E. Sziber, Jr., filed a wrongful death action against Harry Sziber, Sr., the husband and father of the decedents and the driver of the car in which they were passengers at the time of the accident, and against Brian J. Stout and Geraldine A. Stout, the driver and the owner, respectively, of the other car involved in the accident.

The collision occurred at the intersection of Swaffer and Willits Roads which divided the counties of Lapeer and Tuscola.

In April and June of 1978, the defendants each brought a third-party action against the Boards of County Road Commissioners of the counties of

---

[1] The right to contribution among joint tortfeasors existed pursuant to statute, MCL 600.2925; MSA 27A.2925. Although it has since been repealed by 1974 PA 318, the former statute is applicable to the proceedings before us. The amending statute, MCL 600.2925a; MSA 27A.2925(1) applies only to torts committed after January 1, 1975.

Lapeer and Tuscola (hereinafter the road commissions), seeking contribution for all or any part of any judgment which might be entered against them. The third-party defendant road commissions moved for accelerated judgment pursuant to GCR 1963, 116.1(5), asserting that the two-year statute of limitations established in MCL 691.1411; MSA 3.996(111) barred the third-party complaints.[2] In an opinion dated October 26, 1978, and by judgment dated May 1, 1979, the trial court granted the third-party defendants' motions for accelerated judgment on the ground that the complaints were indeed barred by the statute of limitations because the contribution actions were not brought within two years of the accrual of the underlying causes of action.

On August 18, 1980, a consent judgment was entered in favor of the estate of Harry E. Sziber, Jr., against the Stouts in the amount of $12,933, and against Harry E. Sziber, Sr., in the amount of $12,120. On August 25, 1980, a consent judgment was entered in favor of the estate of Bernice Sziber against the Stouts in the amount of $25,000, and against defendant Harry E. Sziber, Sr., in the amount of $20,000. Apparently those judgments have been satisfied, and it is for those amounts that the third-party plaintiffs Harry E. Sziber, Sr., and the Stouts seek contribution from the third-party defendant road commissions.

The Court of Appeals affirmed the trial court's accelerated judgments dismissing the third-party actions, but did not address the issue whether the third-party plaintiffs' claims were barred by the statute of limitations. The Court concluded instead

[2] That statute of limitations provides that the period of limitations for claims arising from the statutory authorization for suit against governmental agencies for defective highways is two years. MCL 691.1411(2); MSA 3.996(111)(2).

that the "third-party plaintiffs' actions are not within the scope of the waiver of governmental immunity found in MCL 691.1402; MSA 3.996(102)". The Court of Appeals said:

"We find that by its plain language MCL 691.1402; MSA 3.996(102) permits a cause of action to be brought against a county road commission only by that class of persons who have sustained bodily injury or damage to their property as a result of that governmental agency's failure to keep a highway in reasonable repair. Third-party plaintiffs do not fall within this class, and, therefore, their action is barred by the doctrine of governmental immunity." 111 Mich App 450, 458; 315 NW2d 166 (1981).

We granted the third-party plaintiffs' application for leave to appeal. 414 Mich 864 (1982).

## II

In the contribution actions, the road commissions, adopting the reasoning of the Court of Appeals, maintain, *inter alia,* that the third-party plaintiffs may not prevail because they are not within the class of persons who may bring an action against a county for defective roads.

We begin our resolution of this first issue recognizing that unless "otherwise provided" by the Legislature, all governmental agencies are immune from tort liability when engaged in the exercise and discharge of a governmental function. MCL 691.1407; MSA 3.996(107) provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from *tort liability* in all cases when the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be

construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed." (Emphasis supplied.)

This Court has held that the road commissions are governmental agencies within the meaning of the governmental immunity statute, and that the maintenance and improvements of highways are governmental functions. *Thomas v Dep't of State Highways,* 398 Mich 1, 11-12; 247 NW2d 530 (1976). However, the Legislature has "otherwise provided" a statutory exception to that general grant of tort immunity by enacting § 1402 which provides, in relevant part:

"Any person sustaining *bodily injury or damage to his property* by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency." MCL 691.1402; MSA 3.996(102). (Emphasis supplied.)

The road commissions argue that MCL 691.1402; MSA 3.996(102) does not authorize third-party plaintiffs to bring their contribution action because the statute expressly limits relief to persons who suffer *bodily injury or property damage* and the third-party plaintiffs have not suffered any such loss. Therefore, the argument continues, since the third-party plaintiffs have no cause of action against the road commissions under the maintenance-of-roads exception to the governmental immunity statute, and since no other applicable exception has been shown to exist, the road commissions are immune from liability in this case.

Different panels of the Court of Appeals have reached conflicting conclusions in resolving this

issue. In *Genesee County Road Comm v State Highway Comm,* 86 Mich App 294, 298-299; 272 NW2d 632 (1978), the principal defendant-third-party plaintiff road commission brought an action for contribution against the third-party defendant State Highway Commission. The Court stated:

"Although this [§ 1402] would have permitted the action in behalf of [the injured original plaintiff] to be pursued against the state, it does not authorize the sort of action attempted here. This is because the statute limits relief to that class of persons who suffer bodily injury or property damage. Plaintiffs [Genesee County Road Commission] of course, have suffered no such loss. Statutory exceptions to governmental immunity are to be strictly construed".

See also *Lenawee Road Comm v Transportation Dep't,* 128 Mich App 528, 530; 340 NW2d 316 (1983); *Converse v Isabella County,* 126 Mich App 331, 340; 336 NW2d 918 (1983).

Three years later, in *May v Wolverine Tractor and Equipment Co,* 107 Mich App 163; 309 NW2d 594 (1981), app dis 412 Mich 863; 325 NW2d 1 (1982), another panel of the Court of Appeals considered a third-party action brought by a tractor manufacturer against the Oakland County Board of Road Commissioners for contribution arising out of a claim against the tractor manufacturer for injuries suffered by a workman in a highway accident. As to the third-party plaintiff tractor manufacturer's right to maintain an action against the road commission for contribution, the Court stated:

"We disagree with [the] narrow interpretation [given the statute in *Genesee County, supra].* Concededly, statutes in derogation of a common law are to be strictly construed. Notwithstanding that rule, a statute

must also be construed sensibly and in harmony with
the legislative purpose.

*   *   *

"A plaintiff's lack of diligence, oversight or deliberate
choice in not naming a governmental defendant must
not be permitted to place upon a named defendant an
unfair share of responsibility." 107 Mich App 163, 168-
170.

Our resolution of this issue is more easily under-
stood if we defer it until after we discuss the road
commissions' next theory of defense, because the
former follows logically from the latter.

The road commissions next assert that not only
are the third-party plaintiffs not afforded a right of
action under the statute waiving immunity of
governmental entities for defective roads for the
reasons stated in *Genesee County Road Comm,
supra,* they also may not rely upon either GCR
1963, 204 or the contribution statute, MCL
600.2925; MSA 27A.2925, because neither the rule
nor the statute provides a substantive cause of
action.

According to the road commissions, GCR 1963,
204[3] merely sets forth a procedure governing third-

---

[3] GCR 1963, 204 provides:

".1 When Defendant May Bring in Third Party.

"(1) Subject to the provisions of Section 3030 of the Insurance Code
of 1956, before the service of his answer a defendant may move ex
parte or, after the service of his answer, on notice to the plaintiff, for
leave as a third-party plaintiff to serve a summons and complaint
upon a person not a party to the action who is or may thereafter be
liable to such third-party plaintiff, by right of contribution or other-
wise, for all or part of the plaintiff's claim against him.

"(2) If the motion is granted and the summons and complaint are
served, the person so served, hereinafter called the third-party defen-
dant, shall make his defenses to the third-party plaintiff's claim as
provided in Rule 111 and his counterclaims against the third-party
plaintiff and cross-claims against other third-party defendants as
provided in Rule 203. The third-party defendant may assert against
the plaintiff any defenses which the third-party plaintiff has to the
plaintiff's claim. The third-party defendant may also assert any claim

party practice and does not provide a substantive right of action, *Morgan v McDermott*, 382 Mich 333, 345, 352; 169 NW2d 897 (1969). We agree.

"The substantive basis for defendant's claim against the third-party defendant must be found elsewhere before [Rule 204, which does not create substantive rights] becomes operative, [and t]hat basis may be found in principles of indemnity, subrogation, contribution, warranty, or other substantive right". 1 Honigman & Hawkins, Michigan Court Rules Annotated, Rule 204, Authors' comments, p 508.

It is well settled in federal practice that Federal Rule of Civil Procedure 14, the federal counterpart of our Rule 204, does not establish a substantive cause of action and merely provides a procedure to govern federal third-party practice. See FR Civ P 14; 3 Moore's Federal Practice (2d ed), ¶ 14.03; 6 Wright & Miller, Federal Practice & Procedure, § 1442 and supp; 7 West's Federal Practice Manual (rev 2d ed), § 8702 and supp. We think the same conclusion is required concerning GCR 1963, 204.

against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

"(3) The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 111 and his counterclaims and cross-claims as provided in Rule 203.

"(4) Any party may move for severance, separate trial, or dismissal of the third-party claim; the court may direct a final judgment upon either the original claim or the third-party claim alone in accordance with the provisions of subrule 518.2.

"(5) A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant, upon obtaining leave of court.

".2 When Plaintiff May Bring in Third Party. When a claim or counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so."

The rule does not create a cause of action for contribution.

The road commissions further assert that the third-party plaintiffs cannot rely on the contribution statute, MCL 600.2925; MSA 27A.2925, as a basis for their action because the statute did not provide a substantive right of action.

The basis for that assertion is apparently the theory, earlier stated, that notwithstanding the right created in § 2925 to maintain a contribution action against a private tortfeasor, the only cause of action which may be maintained against the road commissions, otherwise immune from liability, is that for which the Legislature has specifically and narrowly waived immunity in MCL 691.1402; MSA 3.996(102), *viz.,* an action for bodily injury or property damage. We disagree.

MCL 600.2925; MSA 27A.2925 provided in part:

"(1) Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. *Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution.* No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment."[4] (Repealed, 1974 PA 318.) (Emphasis supplied.)

---

[4] The accompanying Committee Comment explained:

"*The next to the last sentence in (1) is inserted to accomplish the result intended in Rule 204.1, that the right of contribution should not depend on whether or not the plaintiff saw fit to sue both joint tort-feasors.* (4) is also changed to allow for the defendant's asserting the right of contribution against the third party defendant. Barring contribution receives little support from the authorities.

Although, concededly, there is some language in *Morgan v McDermott, supra,* which can be read as supporting the reasoning of the road commissions, just one year after the decision in *Morgan* this Court held, in *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 322-332; 174 NW2d 797 (1970), that § 2925(a), the statute applicable in this case, provided the identical *substantive* right as did the predecessor statute, 1941 PA 303. More importantly, five years later, in *Caldwell v Fox,* 394 Mich 401; 231 NW2d 46 (1975), the Court discussed the history and theory of the contribution doctrine as well as the effect of *Moyses* on the doctrine of contribution. The *Caldwell* Court stated:

"The general rule of contribution is that one who is compelled to pay or satisfy the whole or to bear more than his aliquot share of the common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares." 394 Mich 417.

The *Caldwell* Court then noted that the *Moyses* Court overruled the remnants of Michigan's common-law rule that barred wrongdoers from the equitable right of contribution. "Clearly *Moyses*

" 'One difficulty is that several such enactments permit contribution only between tort-feasors against whom a judgment has been rendered—*i.e.,* a joint judgment is a condition precedent to the operation of the statute. * * * When one defendant has no right against a co-defendant until a joint judgment has been rendered against them both, the decision of the plaintiff whether or not there will be a joint judgment and who will be included therein also determines what right, if any, there will be to contribution. This permits the plaintiff to make his own selection and, insofar as he exercises it, the policy of the statute may be defeated. The reasons for allowing contribution, however, apply as strongly to those cases in which the plaintiff sues only one tort-feasor as to those in which there is a joint judgment.

" 'In Texas, this weakness was largely remedied by permitting a defendant sued singly to implead his co-tort-feasors.' 1 Harper and James, The Law of Torts, 720 (1956)." (Emphasis supplied.)

returned the doctrine of contribution among non-intentional wrongdoers to the original equitable rules." *Caldwell,* pp 419-420. In *Caldwell,* in implicit recognition that contribution is substantive in nature and not dependent on the whim of the original plaintiff, the Court stated that the "plaintiff's caprice in choosing to join or not to join third-party defendants is not determinant of third-party plaintiffs' right to contribution." *Id.,* p 420. It is clear that *Caldwell,* although not explicitly, recognized that the right to contribution was substantive in nature.

Our recognition in *Moyses* and *Caldwell* that the Michigan statute abrogates the common-law bar prohibiting contribution among "wrongdoers" and established a substantive cause of action independent of the underlying suit which gave rise to it was consistent with the understanding of the contribution doctrine in sister jurisdictions.

The Supreme Court of Wisconsin, in *State Farm Mutual Automobile Ins Co v Schara,* 56 Wis 2d 262, 266; 201 NW2d 758; 57 ALR3d 922 (1972), stated:

> "The nature of the newly accrued cause of action [i.e., contribution] is not dependent on whether the obligation discharged resulted from contract or tort. The cause of action that accrues depends not one whit upon the nature of the origin of liability. It is enough that joint liability from whatever source exist. We said in *Wait v Pierce,* 191 Wis 202, 226; 209 NW 475; 210 NW 822 (1926):
>
> " 'Whether the common obligation be imposed by contract or grows out of a tort, the thing that gives rise to the right of contribution is that one of the common obligors has discharged more than his fair equitable share of the common liability.'
>
> "All contribution claims have in common the characteristic that the party having a right against another

also liable has discharged more than his share of the liability. It is the bearing of a greater share of a common liability than is justified, and not the source of the underlying liability, that characterizes a cause of action for contribution.

"Accordingly, the right of contribution is the same irrespective of its origins. *Brown v Haertel,* 210 Wis 354, 358; 244 NW 633; 246 NW 691 (1933)."[5]

The significance of the conclusion that the contribution statute establishes an independent, substantive cause of action is that it renders irrelevant the argument that the third-party plaintiffs' case does not fit within the provisions of the statutory exception to the governmental immunity that the road commissions would otherwise enjoy. It is of no moment that the third-party plaintiffs may not bring an action in *tort* against the road commissions because they suffered no "bodily injury or property damage" if the right created by the contribution statute is a separate and independent right of recovery and not a traditional action in tort. We conclude that it is just that.

We hold, therefore, that the statute creates a substantive cause of action for contribution available to the third-party plaintiffs in this case which is wholly independent of the underlying tort ac-

---

[5] See, also, *Geiger v Calumet County,* 18 Wis 2d 151; 118 NW2d 197 (1962) ("[T]he equitable right to contribution is independent of the underlying cause of action which results in a judgment requiring one tort-feasor to pay more than his proportionate share. This independent existence makes consideration of the basis of such underlying cause of action irrelevant whether it be common law or statute"); *Coniaris v Vail Associates, Inc,* 196 Colo 392, 395; 586 P2d 224 (1978) ("A claim for contribution is an action separate and distinct from the underlying tort. The rights and obligations of the tortfeasors flow, not from the tort, but from the judgment or settlement itself"); *People ex rel Dep't of Transportation v Superior Court of Los Angeles County,* 26 Cal 3d 744, 748; 163 Cal Rptr 585; 608 P2d 673 (1980) ("[A] tort defendant's equitable indemnity action is separate and distinct from the plaintiff's tort action" [superseded by statute]). See, generally, Uniform Contribution Among Tortfeasors Act, 12 ULA, § 1.

tion,[6] unaffected by the governmental immunity statute, and which may be prosecuted to judgment, providing that the other requirements of the contribution statute are met.

## III

We turn now to the question that was originally put to the Court of Appeals, but which remains unanswered: whether the third-party plaintiffs' cause of action against the road commissions for contribution is barred by the statute of limitations.

In an opinion filed October 26, 1978, the trial court granted motions for accelerated judgments, dismissing the third-party actions on the basis that they were barred by the statute of limitations. The trial court noted first that the question was one of determining when the statute of limitations began to run on a claim for contribution brought by a defendant against a third-party defendant. The road commissions claimed that the period of limitations began to run on the day of the accident, September 28, 1973, whereas the third-party plaintiffs claimed "that there is no statute of limitations applicable or that the time would commence as of when they were sued—September 27, 1976, or possibly when they may pay, discharge, or settle a claim against themselves".

The trial court recognized that the general rule is that a statute of limitations does not begin to run against the right to enforce contribution until a cause of action in favor of the party seeking contribution arises and that, said the trial court, "is when an event occurs which throws an inequitable share of a common burden on him, usually the

---

[6] We address, in Section III, the significance of this holding in regard to the applicable statute of limitations.

time of payment, discharge or satisfaction of some or all of the original claim made by the principal plaintiff". However, the trial court felt bound by the reasoning of this Court in *Morgan v McDermott, supra,* p 356, and held that the third-party action in the case was barred.

In *Morgan,* the principal defendants, as third-party plaintiffs, sought judgment against the third-party defendant Oakland County Road Commission, for contribution of one half of any judgment that might be rendered against the defendant-third-party plaintiffs. The road commission was brought in as a third-party defendant over a year after the occurrence of the injury. The road commission moved for accelerated judgment upon the ground that the county had not been given notice under the then-existing statute which required that, as a condition of imposing liability upon counties for defective highways, notice of the injury and the defect had to be served upon the responsible governmental unit within 60 days of the time of injury. This Court upheld the trial court's dismissal of the third-party action, stating that the claim was indeed barred because of the failure to give the requisite statutory notice. The 60-day notice was held applicable to *any* action maintained against boards of county road commissioners under the statute.

Responding to the argument that the statutory 60-day notice requirement would be applicable to an action in *tort* against the road commission for damages for the plaintiff's bodily injury and property damage and not to a claim for contribution, the *Morgan* Court stated: "The county's immunity cannot be lost simply on the basis of its having been a *joint* tort-feasor rather than its having been the *sole* tort-feasor", 382 Mich 356.

Applying the reasoning of the *Morgan* Court to the case at bar, the trial court said:

"However, in a case quite similar to the present case, the Michigan Supreme Court ruled that the action was barred· as to a *governmental* unit if not filed timely. *Morgan v McDermott,* 382 Mich 333 (1969). The Court at page 356 said:

" 'The county's immunity cannot be lost simply on the basis of its having been a *joint* tort-feasor rather than its having been a *sole* tort-feasor. The public policy behind the 60-day notice requirement is even more compelling in the case of a claim for joint tort-feasance than when the county only is the alleged tort-feasor'."

"This court is aware that the former 60-day notice provis *[sic]* has been declared unconstitutional, however the reasoning of the *Morgan* case is still applicable when the claim is made beyond the year statute of limitations provision as to governmental units." (Emphasis in the original.)

Our first task is to determine what statute of limitations applies to the suit for contribution and then whether it operates to bar the action. The Court of Appeals, as we have said, did not address the issue.

The parties are less than clear in their assertions as to what statute of limitations applies and as to when the period of limitation begins to run. The road commissions claim that the two-year statute of limitations contained in MCL 691.1411(2); MSA 3.996(111)(2) is applicable, and they apparently believe that the period began to run on the date of the accident, September 28, 1973, although they do not explicitly say so.

The third-party plaintiffs do not address this issue, although at the hearing on the motion for accelerated judgment before the trial court they

claimed that the six-month statute of limitations found in the contribution statute, MCL 600.2925; MSA 27A.2925, was applicable, and in the Court of Appeals argued that the statute of limitations did not begin to run until the cause of action for contribution accrued, that is, when the consent judgments were rendered and satisfied.

The statute waiving governmental immunity against tort liability for various causes of action, including defective roads, MCL 691.1402; MSA 3.996(102), provides a two-year statute of limitations:

"Sec. 11(1). Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

"(3) The period of limitations for all claims against the state, except those arising under section 2 of this act shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961." MCL 691.1411; MSA 3.996(111).

But "section 2 of this act", to which reference is made in subsection (2) declares, in relevant part, that it is for an action for damages by "[a]ny *person* sustaining *bodily injury* or damage to *his* property" that the governmental immunity otherwise extant is waived. By its terms, then, it seems clear that the two-year period of limitation on an action for "bodily injury" and "damage to his property" does not govern the contribution action. A further indication, of course, is the fact that the Legislature established a different statute of limitations in the contribution statute. MCL

600.2925(d); MSA 27A.2925(4). That provision, which was in effect at the time of the accident in this case, provided that any claim for contribution had to be "asserted within 6 months after discharge by such party of the common liability or payment of more than his pro rata share".[7]

Concededly, a correct determination of the question as to which statute of limitations is applicable in a contribution action is complicated in a case such as this in which both a governmental entity and private parties are involved as parties defendant and the Legislature has created one statute of limitations for an action against the governmental unit and another and different period of limitation for an action against the private parties.[8] Resolution of the question was not made any easier for the learned trial judge by his perception that he was bound to follow the reasoning of the *Morgan* case, *supra*, which we hold hereafter to have been erroneously decided.

We think, as a point of beginning, that it is indisputable that the statute of limitations governing a contribution action begins to run when the cause of action for contribution accrues, and that the action accrues when a judgment has been

---

[7] The statute in effect at the time the *claim* for contribution was asserted provides that "[i]f there is a judgment for the injury or wrongful death against the tort-feasor seeking contribution, a separate action by him to enforce contribution shall be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review". MCL 600.2925c(3); MSA 27A.2925(3)(3). However, the provisions of this act are applicable only to torts committed on or after January 1, 1975. 1974 PA 318.

[8] See, generally, Kutner, *Contribution Among Tortfeasors: The Effects of Statutes of Limitations and Other Time Limitations*, 33 Okla L Rev 203, 210-216, 218-222 (1980). See, *e.g.*, and compare the opinions of Viscount Simonds and Lords Porter, Reid, Tucker, and Keith of Avonholm, *George Wimpey & Co LD v British Overseas Airways Corp*, Law Rpts [1955] Appeal Cases 169, 177-196 (House of Lords, 1954), *aff'g Littlewood v George Wimpey & Co LD*, Law Rpts [1953] 2 QB 501 (time limitation was a notice requirement).

taken or rendered and the third-party plaintiff has paid more than his aliquot share.

"The right of contribution between joint tortfeasors arises at the time of the concurring negligent acts. Until one of the joint tortfeasors pays more than his proportionate share of the underlying claim, *the right remains contingent, subordinate and inchoate.* When a tortfeasor pays more than his proportionate share, the right ripened into a cause of action". *Minneapolis, St Paul & S S M R Co v City of Fond du Lac,* 297 F2d 583, 585; 93 ALR2d 1378 (CA 7, 1961).[9]

Similarly, see *Kelly v Sproul,* 153 Mich 691; 117 NW 327 (1908); *Sziber v Stout,* 111 Mich App 450, 459-460; 315 NW2d 166 (1981) (the instant case in the Court of Appeals, CAVANAGH, J., *dissenting); Doall v Michigan Consolidated Gas Co,* 23 Mich App 454, 457, fn 2; 179 NW2d 26 (1970); *Duncan v Beres,* 15 Mich App 318, 332; 166 NW2d 678 (1968), and the cases cited therein. See also *Bd of County Road Comm'rs of Wayne County v American Airlines, Inc,* 369 F Supp 698 (ED Mich, 1974); Anno: *When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort,* 57 ALR3d 867. Since the cause of action for contribution does not accrue until payment of greater than the third-party plaintiff's pro-rata share, the action for contribution cannot be barred simply because the statute of limitations would have barred suit by the original plaintiffs against the third-party defendants, if the plaintiffs

_____

[9] See also *Ainsworth v Berg,* 253 Wis 438; 34 NW2d 790 (1948), *vacated on other grounds* 253 Wis 445a; 35 NW2d 911 (1949); *State Farm Mutual Automobile Ins Co v Schara, supra; Waldinger Co v P & Z Co, Inc,* 414 F Supp 59 (D Neb, 1976); *Markey v Skog,* 129 NJ Super 192; 322 A2d 513 (1974); *Ezzi v DeLaurentis,* 172 NJ Super 592; 412 A2d 1342 (1980); *Godfrey v Tidewater Power Co,* 223 NC 647, 649-650; 27 SE2d 736 (1943); *Thomas v Przbylski,* 83 Wash 2d 118; 516 P2d 207 (1973). See, generally, Uniform Contribution Among Tortfeasors Act, 12 ULA, § 1 & supp.

had attempted to sue the road commissions on the date the contribution actions were filed.

We conclude that the causes of action for contribution in these cases accrued when the consent judgments were entered against the principal defendants and were satisfied, that the applicable statute of limitations is six months as provided in the former contribution statute, and that it began to run when the contribution actions accrued. Since the third-party actions were actually filed in April 1978, well before the judgments in the underlying cases were entered and satisfied, the contribution actions are not time barred.

We are not unaware of some of the problems suggested by our holding today. We note at least one of them not only in anticipation of the oft-repeated observation that "the Court's opinion raised more problems than it solved", but to provide some guidance to the bench and bar for application of today's holding to other cases in the future.

In *Forest v Parmalee,* 402 Mich 348; 262 NW2d 653 (1978), this Court upheld, against a claim of violation of equal protection, the two-year statute of limitations applicable to suits brought against government tortfeasors for injuries resulting from negligently maintained highways. The comparable statute of limitations applicable to private tortfeasors was three years. In so holding, we noted that:

"[B]y setting a time limit of two years, the state is assured that plaintiffs will promptly conduct such investigations as necessary to determine the merits of their claims *and* will not be unduly dilatory in commencing their suits. This is especially important in times such as these when governments are continually launching highway improvement programs.

"Moreover, the statute is essential to the organization

of the finances of state and local government agencies in that it allows them to estimate with some degree of certainty the extent of their future financial obligations. It cannot be overlooked that no private party has a potential tort responsibility comparable to that of the government for injuries allegedly caused by defective or unsafe conditions of highways." 402 Mich 360. (Emphasis in the original.)

See also Kutner, *Contribution Among Tortfeasors: The Effects of Statutes of Limitations and Other Time Limitations*, 33 Okla L Rev 203, 218-223 (1980).

Allowing the contribution actions in these cases to be filed against the road commissions 4-1/2 years after the automobile accident may appear to some to undermine, to some extent, the rationale underlying the short statute of limitations applicable to tort actions against governmental entities, *viz.*, allowing governmental units to estimate the extent of their future financial obligations and to plan for them and to correct promptly defective or unsafe conditions.

However, to hold otherwise would not only disregard the plain language of the contribution statute then in effect, it would effectively permit a plaintiff to choose which of several possible defendants would bear the entire burden of paying a judgment simply by filing his lawsuit before the expiration of the three-year statute of limitations applicable to private tortfeasors, but after expiration of the two-year statute applicable to governmental units, and would thereby substantially limit the effectiveness of the contribution statute. To hold, in this case for example, that the two-year statute of limitations for injuries resulting from defective highways applied to the third-party defendants,

and that the period of limitations commenced at the time of the original accident,

"would permit a plaintiff to determine governmental liability by deciding whether or not to include the government as an original defendant. The contribution statute itself was amended by 1961 PA 236 to avoid such a result among nongovernmental litigants. The amendment permits contribution from joint tortfeasors who are joined as third-party defendants. Previously, contribution was only possible when a judgment had been recovered jointly against the tortfeasors. The potential for abuse was eliminated by depriving plaintiffs of the ability to prevent contribution. See Hawkins, Practice Commentary and Committee Comment, MCLA 600.2925, pp 780, 786. * * * *A plaintiff's lack of diligence, oversight or deliberate choice in not naming a governmental defendant must not be permitted to place upon a named defendant an unfair share of responsibility." May v Wolverine Tractor and Equipment Co,* 107 Mich App 163, 169-170; 309 NW2d 594 (1981), *app dis* 412 Mich 863 (1982).

See *Caldwell v Fox, supra,* p 420:

"plaintiff's caprice in choosing to join or not to join third-party defendants is not determinant of third-party plaintiff's right to contribution."

We have stated in Section II that there is a substantive right to contribution and that the right to contribution accrues only when judgment against a defendant-third-party plaintiff has been taken and satisfied. To hold that the statute of limitations governing the underlying tort action is applicable to the later action for contribution would mean that the statute of limitations governing the contribution actions expired in this case before the third-party plaintiffs' claims accrued.

We cannot suppose that the Legislature intended such an absurd result.[10]

Thus, we hold that the third-party plaintiffs' causes of action for contribution herein are not barred by the statute of limitations governing the underlying tort actions. See Anno: *What Statute of Limitations Applies to Action for Contribution Against Joint Tortfeasor,* 57 ALR3d 927, 929, § 3, and the cases cited therein, and Kutner, *supra,* 33 Okla L Rev 210-216.

Although we hold that the third-party plaintiffs' causes of action for contribution are not barred by the statute of limitations of the underlying actions, there remains the problem of the statutory written notice provision for actions against governmental agencies for "injuries" and "property damage" caused by defective highways.

As we observed earlier, this Court held in *Morgan, supra,* that the statutory provision which then required written notice by the injured person

---

[10] See *Keleket X-Ray Corp v United States,* 107 US App DC 138, 140; 275 F2d 167 (1960) (defendant-third-party plaintiff's claim to contribution did not accrue before defendant had been sued by the original plaintiff, and the government's contention on this point, if sustained, would mean that a suit under the Tort Claims Act could be barred before it came into existence. "We know of no reason why the law should let action or inaction of the injured party defeat a claim to contribution"); *Markey v Skog,* fn 9 *supra,* p 201 (The policy of the contribution statute "seeks to prevent plaintiffs, by their unilateral actions, from electing where to place the burden of a common fault"); *Olsen v Jones,* 209 NW2d 64, 67 (Iowa, 1973) ("we refuse to attribute to this legislation an intention to permit an injured claimant to elect which of two equally culpable tort-feasors shall bear the *whole* burden simply because one happens to be a governmental unit"); *Royal Car Wash Co v Wilmington,* 240 A2d 144, 145-146 (Del Super Ct, 1968) ("[i]t [is] inconceivable that the Legislature should purport to grant the valuable right of contribution among joint tortfeasors but, for all practical purposes, place it within the power of the original plaintiff to decide whether or not it should be exercised"); *Waldinger Co v P & Z Co, Inc,* fn 9 *supra,* p 60 (to accept the argument that the claim for contribution arises when the injury is incurred will allow plaintiff to choose which defendant would bear the burden by simply filing his lawsuit after the statute of limitations has run).

of the injury and highway defect within 60 days of the accident was a condition precedent to the imposition of liability upon a road commission and was applicable to *any* action, including one for contribution. It is argued that the notice requirement, although now a 120-day provision under the current statute, MCL 691.1404; MSA 3.996(104), is likewise applicable to the actions for contribution before us, and, since no notice was given in these cases, stands as a bar to recovery of contribution from the road commissions.

Although the matter sharply divided this Court at the time, it appears to be clear that the decisions in *Reich v State Highway Dep't,* 386 Mich 617; 194 NW2d 700 (1972), and *Hobbs v Dep't of State Highways,* 398 Mich 90; 247 NW2d 754 (1976), have effectively eviscerated the holding in *Morgan.*

The weight of authority supports the view espoused by Justice BLACK in his dissent in *Morgan* that failure by the plaintiff to give statutorily required notice to the appropriate governmental agency does not bar the third-party plaintiff from impleading a third-party defendant-governmental agency pursuant to a claim for contribution.[11] The

---

[11] See generally Anno: *Claim for Contribution or Indemnification From Another Tortfeasor as Within Provisions of Statute or Ordinance Requiring Notice of Claim Against Municipality,* 93 ALR2d 1385. *Minneapolis, St Paul & SSMR Co v Fond du Lac, supra* (applying the law of Wisconsin); *Waldinger Co,* fn 9 *supra* (applying Nebraska law); *Thomas v Przbylski,* fn 9 *supra* (third-party plaintiff seeking to join municipal corporation as a third-party defendant need not comply with the claim statute before he has made payment to plaintiff or had judgment rendered against him); *Roehrig v City of Louisville,* 454 SW2d 703 (Ky App, 1970); *Markey v Skog,* fn 9 *supra; Olsen v Jones,* fn 10 *supra; Ezzi v DeLaurentis,* fn 9 *supra* (noncompliance by a plaintiff with notice provisions did not bar defendants' third-party claim against municipal third-party defendant; however, defendants would be required to comply with the notice provisions once the third-party claim accrued); *Geiger v Calumet County,* fn 5 *supra; Royal Car Wash Co v Wilmington, supra; Ainsworth v Berg,* fn 9 *supra; People ex rel Dep't of Transportation v Superior Court of Los*

120-day notice provision of MCL 691.1404; MSA 3.996(104) by its terms and in the light of its obvious purpose is simply inapplicable to actions for contribution, especially where, as here, the actions for contribution accrued when it was no longer possible to comply with the statute by its terms. To the extent that *Morgan* is inconsistent with our decision today, it is overruled.

## IV

In conclusion, we hold that the defendant-third-party plaintiffs have a substantive right to contribution against the third-party defendants-road commissions that is not barred by statutory governmental immunity. Moreover, the right to contribution is not barred by the statute of limitations governing the underlying tort actions. Since the plaintiffs could have proceeded directly against the road commissions, third-party plaintiffs herein may proceed to prosecute their claims for contribution providing the remaining conditions of the contribution statute are met.[12]

We remand this case to the Circuit Court for the County of Tuscola for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WILLIAMS, C.J., and KAVANAGH, LEVIN, BRICKLEY, and BOYLE, JJ., concurred with RYAN, J.

CAVANAGH, J., took no part in the decision of this case.

---

*Angeles County,* fn 5 *supra.* See also *Morgan v McDermott,* 8 Mich App 260; 154 NW2d 576 (1976), *rev'd* 382 Mich 333; 169 NW2d 897 (1969).

[12] The parties have not raised and we have not considered, for example, the issue whether the third-party defendants are "joint tortfeasors" within the meaning of the contribution statute.