# STATE OF MICHIGAN

# COURT OF APPEALS

MELISSA GOODWIN, PHILLIP GOODWIN, and JOHN FULTZ,

        Plaintiffs,

and

AUTO CLUB GROUP INSURANCE COMPANY,

        Plaintiff-Appellee,

v

CITY OF LINCOLN PARK,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

COUNTY OF WAYNE,

        Defendant/Third-Party Defendant,

and

CITY OF ECORSE,

        Defendant/Third-Party Defendant-
        Appellant.

UNPUBLISHED
February 11, 2016

No. 323785
Wayne Circuit Court
LC No. 12-003364-NZ

VICTORIA MORALES and AUTO CLUB GROUP INSURANCE COMPANY,

        Plaintiffs-Appellees,

and

CELESTE ANDERSON, KENNETH BAKER, HOWARD CANFIELD, PAULINE CUSCHILERI, RONALD DEPALMA, JR.,

-1-

STANLEY GAJEWSKI, LUIS PEDRAZA
GONZALEZ, MARIANN GOODING, ROBERT
GOODING, LEO HAMEL, SHANE
CHRISTOPHER KAROLY, NINFA ANGELA
MAZZOLA, GREGORY PAPKE, KAREN
PAPKE, CARL RUBIN, ROSE M. RUBIN,
MARK RUSSOW, JOSHUA SNEAD, MILTON
C. TACKETT, SUSAN L. TACKETT, PAMELA
TURZA, and WILLIAM TURZA,

       Plaintiffs,

v

CITY OF ECORSE,

       Defendant/Cross-Defendant-
       Appellant,

and

CITY OF LINCOLN PARK,

       Defendant/Cross-Plaintiff-Appellee,

and

COUNTY OF WAYNE,

       Defendant.

No.  323788
Wayne Circuit Court
LC No.  12-006777-NZ

---

AUTO CLUB GROUP INSURANCE
COMPANY,

       Plaintiff-Appellee,

v

CITY OF LINCOLN PARK,

       Defendant/Cross-Plaintiff-Appellee,

and

No.  323791
Wayne Circuit Court
LC No.  12-009832-NZ

CITY OF ECORSE,

> Defendant/Cross-Defendant-
> Appellant,

and

COUNTY OF WAYNE,

> Defendant.

---

Before:  CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

In the three consolidated actions, defendant/third-party defendant/cross-defendant city of Ecorse ("Ecorse") appeals as of right orders granting defendant/third-party plaintiff/cross-plaintiff city of Lincoln Park's ("Lincoln Park") motion for reconsideration and denying Ecorse's motion for summary disposition of Lincoln Park's third-party and cross-complaints regarding a sewage disposal system event exception to governmental immunity.  We affirm.

The motions for summary disposition filed by Ecorse and Wayne County were brought pursuant to MCR 2.116(C)(7), (8) and (10).  The trial court originally granted the motions, finding that Ecorse and Wayne County were immune from liability.  On reconsideration, the trial court denied Ecorse's motion for summary disposition premised on its assertion of governmental immunity.  Because the appeal that is the subject of this opinion was brought pursuant to MCR 7.202(6)(a)(v), the appropriate standard of review is in accordance with MCR 2.116(C)(7).

As discussed in *Fields v Suburban Mobility Authority for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318235); slip op at 1-2:

> The grant or denial of summary disposition is reviewed de novo to determine whether the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties.  When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party.  If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide.  But when a relevant factual dispute does exist, summary disposition is not appropriate.  To the extent that questions of statutory interpretation are present, we review those de novo. [Citations and quotation marks omitted.]

Ecorse asserts the trial court erred in denying its motion for summary disposition on reconsideration. Specifically, Ecorse argues that Lincoln Park's failure to have the status of a "claimant" under the applicable statutory scheme, entitled Ecorse to governmental immunity for the damages claimed. Ecorse also suggests that the failure of Lincoln Park to comply with the applicable statutory notice provisions precluded the claims and that Lincoln Park's common law contribution claim was impermissible as the statutory scheme provides the only means for recovery, regardless of the theory of liability raised.

As recently discussed by this Court in *Cannon Twp v Rockford Pub Sch*, ___ Mich App ___, ___; ___ NW2d ___ (Docket Nos. 320683; 320940); slip op at 5-6:

Subject to various exceptions, a governmental agency is generally immune from tort liability when it is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1). The immunity from tort liability provided by MCL 691.1407 "is expressed in the broadest possible language—it extends immunity to all governmental agencies for *all* tort liability whenever they are engaged in the exercise or discharge of a governmental function." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000) (citation omitted, emphasis in original). The statutory exceptions are to be narrowly construed. *Id*. at 158.

In this matter, the well-recognized principles of statutory interpretation are applicable:

The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. We may consult dictionary definitions to give words their common and ordinary meaning. When given their common and ordinary meaning, "[t]he words of a statute provide 'the most reliable evidence of its intent. . . .' " [*Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012) (citation omitted).]

The "sewage disposal system event" exception is one of the recognized exceptions to governmental immunity. MCL 691.1416 through MCL 691.1419. The purpose of the exception is "[t]o afford property owners, individuals, and governmental agencies greater efficiency, certainty, and consistency in the provision of relief for damages or physical injuries caused by a sewage disposal system event[.]" MCL 691.1417(1). In accordance with MCL 691.1417(2), "A governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate agency." The parties, for the purpose of the issue herein, do not dispute that a "sewage disposal system event" occurred. In addition, "[s]ections 16 to 19 [of the statutory scheme] abrogate common law exceptions, if any, to immunity for the overflow or backup of a sewage disposal system and provide the sole remedy for obtaining any form of relief for damages or physical injuries caused by a sewage disposal system event regardless of the legal theory." MCL 691.1417(2).

-4-

In accordance with MCL 691.1416(c), a "claimant" is defined as "a property owner that believes that a sewage disposal system event caused damage to the owner's property, a physically injured individual who believes that a sewage disposal system event caused the physical injury, or a person making a claim on behalf of a property owner or physically injured individual. Claimant includes a person that is subrogated to a claim of a property owner or physically injured individual described in this subdivision." In turn, a "person" is statutorily defined as "an individual, partnership, association, corporation, or other legal entity, or a political subdivision." MCL 691.1416(g). The elements a claimant must demonstrate to avoid governmental immunity under the sewage disposal system event exception are as follows:

> (1) that the claimant suffered property damage or physical injuries caused by a sewage disposal system event;[21]
>
> (2) that the governmental agency against which the claim is made is "an appropriate governmental agency,"[22] which is defined as "a governmental agency that, at the time of a sewage disposal system event, owned or operated, or directly or indirectly discharged into, the portion of the sewage disposal system that allegedly caused damage or physical injury";[23]
>
> (3) that "[t]he sewage disposal system had a defect";[24]
>
> (4) that "[t]he governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect";[25]
>
> (5) that "[t]he governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect";[26]
>
> (6) that "[t]he defect was a substantial proximate cause of the event and the property damage or physical injury";[27]
>
> (7) "reasonable proof of ownership and the value of [any] damaged personal property";[28] and
>
> (8) that the claimant provided notice as set forth in MCL 691.1419.[29]

---

[21] MCL 691.1417(2) and (3).

[22] MCL 691.1417(3)(a).

[23] MCL 691.1416(b).

[24] MCL 691.1417(3)(b); see *Willett* [*v Waterford Charter Twp*, 271 Mich App 38], 50-52; 718 NW2d 386 (2006) (holding that an obstruction by a foreign object in a sewer line constitutes a defect).

[25] MCL 691.1417(3)(c).

[26] MCL 691.1417(3)(d).

[27] MCL 691.1417(3)(e).

[28] MCL 691.1417(4)(a).

[29] MCL 691.1417(4)(b); see MCL 691.1419(2) and (3).

[*Linton v Arenac Co Rd Comm*, 273 Mich App 107, 113-114; 729 NW2d 883 (2006).]

All of the elements must be satisfied to survive a motion for summary disposition premised on governmental immunity. *Willett v Waterford Charter Twp*, 271 Mich App 38, 50; 718 NW2d 386 (2006).

Further, a claimant must comply with the notice provisions delineated in MCL 691.1419. "Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities. It is well established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate." *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714-715; 822 NW2d 522 (2012) (citations omitted). Specifically, MCL 691.1419 provides, in relevant part:

(1) Except as provided in subsections (3) and (7), a claimant is not entitled to compensation under section 17 unless the claimant notifies the governmental agency of a claim of damage or physical injury, in writing, within 45 days after the date the damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered. The written notice under this subsection shall contain the content required by subsection (2)(c) and shall be sent to the individual within the governmental agency designated in subsection (2)(b). To facilitate compliance with this section, a governmental agency owning or operating a sewage disposal system shall make available public information about the provision of notice under this section.

* * *

(3) A claimant's failure to comply with the notice requirements of subsection (1) does not bar the claimant from bringing a civil action under section 17 against a governmental agency notified under subsection (2) if the claimant can show both of the following:

(a) The claimant notified the contacting agency under subsection (2) during the period for giving notice under subsection (1).

(b) The claimant's failure to comply with the notice requirements of subsection (1) resulted from the contacting agency's failure to comply with subsection (2).

-6-

(4) If a governmental agency that is notified of a claim under subsection (1) believes that a different or additional governmental agency may be responsible for the claimed property damages or physical injuries, the governmental agency shall notify the contacting agency of each additional or different governmental agency of that fact, in writing, within 15 business days after the date the governmental agency receives the claimant's notice under subsection (1). This subsection is intended to allow a different or additional governmental agency to inspect a claimant's property or investigate a claimant's physical injury before litigation. Failure by a governmental agency to provide notice under this subsection to a different or additional governmental agency does not bar a civil action by the governmental agency against the different or additional governmental agency.

* * *

(6) If a governmental agency notified of a claim under subsection (1) and a claimant do not reach an agreement on the amount of compensation for the property damage or physical injury within 45 days after the receipt of notice under this section, the claimant may institute a civil action. A civil action shall not be commenced under section 17 until after that 45 days.

A reading of the various statutory sections comprised of MCL 691.1416 through MCL 691.1419, in context, suggests that Lincoln Park's lack of status as a "claimant," as defined in MCL 691.1416(c) is irrelevant to their ability to pursue an action against Ecorse as another governmental agency. Initially, the purpose of the statutory scheme is to provide individuals and property owners an efficient, predictable and certain means of seeking recompense from a governmental agency following a "sewage disposal system event," MCL 691.1417(1), and a means to settle such claims and avoid litigation, MCL 691.1419(6) ("If a governmental agency notified of a claim under subsection (1) and a claimant do not reach an agreement on the amount of compensation for the property damage or physical injury within 45 days after the receipt of notice under this section, the claimant may institute a civil action. A civil action shall not be commenced under section 17 until after that 45 days."). A claimant and a governmental agency are required to comply with the procedures outlined in MCL 691.1417 through MCL 691.1419. MCL 691.1417(1). The procedures requiring compliance address the elements of proof to qualify for compensation, MCL 691.1417(3), (4), and the provision of notice, MCL 691.1419(1), (2) and (3).

MCL 691.1419(4), however, separately addresses disputes or questions that arise regarding which governmental agency may be responsible for the sewage disposal event. Specifically:

If a governmental agency that is notified of a claim under subsection (1) believes that a different or additional governmental agency may be responsible for the claimed property damages or physical injuries, the governmental agency shall notify the contacting agency of each additional or different governmental agency of that fact, in writing, within 15 business days after the date the governmental agency receives the claimant's notice under subsection (1). This subsection is intended to allow a different or additional governmental agency to inspect a

-7-

claimant's property or investigate a claimant's physical injury before litigation. *Failure by a governmental agency to provide notice under this subsection to a different or additional governmental agency does not bar a civil action by the governmental agency against the different or additional governmental agency.* [MCL 691.1419(4) (emphasis added).]

By its clear and unambiguous language, MCL 691.1419(4) provides for a 15-day notice provision between governmental agencies, once a claimant has made a claim in accordance with MCL 691.1419(1) by having provided the requisite 45-day notice and establishing the necessary elements, MCL 691.1417. The failure to provide the 15-day notice is, according to the language of MCL 691.1419(4), not preclusive to the filing of a civil action, as occurred in this case. Contrary to the position of Ecorse, MCL 691.1417(2) does not preclude an action between governmental agencies. MCL 691.1417(2) indicates that a governmental agency is immune from liability for overflow or backup of a sewage disposal system "unless" it is part of a "sewage disposal system event and the governmental agency is an appropriate governmental agency." This subsection goes further, indicating that MCL 691.1416 through MCL 691.1419 "abrogate common law exceptions, if any, to immunity for the overflow or backup of a sewage disposal system and provide the sole remedy for obtaining any form of relief for damages or physical injuries caused by a sewage disposal system event regardless of the legal theory." MCL 691.1417(2). Contrary to the position and arguments of Ecorse, however, the language of MCL 691.1417(2) does not negate MCL 691.1419(4), but merely restricts common law exceptions to immunity for tort claims and provides the proper mechanism to seek relief for a sewage disposal system event.

As a corollary to the issue in this appeal, in *Sziber v Stout*, 419 Mich 514; 358 NW2d 330 (1984), our Supreme Court addressed a third-party action for contribution of an impleaded governmental agency premised on the highway defect exception to governmental immunity. The Court, citing with approval *Caldwell v Fox*, 394 Mich 401, 420; 231 NW2d 46 (1975), "recognized that the right to contribution was substantive in nature." *Sziber*, 419 Mich at 527. The Court, discussing the contribution statute in effect at the time, stated:

> The significance of the conclusion that the contribution statute establishes an independent, substantive cause of action is that it renders irrelevant the argument that the third-party plaintiffs' case does not fit within the provisions of the statutory exception to the governmental immunity that the road commissions would otherwise enjoy. It is of no moment that the third-party plaintiffs may not bring an action in tort against the road commissions because they suffered no "bodily injury or property damage" if the right created by the contribution statute is a separate and independent right of recovery and not a traditional action in tort. We conclude that it is just that. [*Id.* at 528.]

The Court ruled, in relevant part:

> We hold, therefore, that the [contribution] statute creates a substantive cause of action for contribution available to the third-party plaintiffs in this case which is wholly independent of the underlying tort action, unaffected by the governmental immunity statute, and which may be prosecuted to judgment, providing that the

other requirements of the contribution statute are met. [*Id.* at 528-529 (footnote omitted).]

Specifically, the *Sziber* Court found "that failure by the plaintiff to give statutorily required notice to the appropriate governmental agency does not bar the third-party plaintiff from impleading a third-party defendant-governmental agency pursuant to a claim for contribution." *Id.* at 539. The Court noted that the notice provision within the statute pertaining to the applicable governmental immunity provision "by its terms and in the light of its obvious purpose is simply inapplicable to actions for contribution, especially where, as here, the actions for contribution accrued when it was no longer possible to comply with the statute by its terms." *Id.* at 539-540.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola